## (December 29, 1967)

■ In the Matter of the COMMON COUNCIL OF THE CITY OF MIDDLETOWN, Petitioner, v. TOWN BOARD OF THE TOWN OF WALLKILL, Respondent.— Proceeding pursuant to section 712 of the General Municipal Law for a judgment that petitioner's proposed annexation of certain territory in the Town of Wallkill is in the over-all public interest. On May 31, 1966 this court designated Justices Nolan, Gagliardi and Donohoe as Referees to hear and report on the issues in this proceeding. Upon the conclusion of the hearing which was held before the Referees, Justices Nolan and Gagliardi filed a majority report that the proposed annexation was in the over-all public interest and Justice Donohoe filed a minority report that it was not in the over-all public interest; and both the majority and minority reports were accompanied by respective findings of fact and conclusions of law. The petitioner now moves to confirm the majority report, for entry of judgment in its favor and for a direction that the territory be annexed. At the hearing the parties stipulated that all

questions concerning assumption of indebtedness would be settled by agreement between them if annexation were ordered and that, because of the small size of the subject territory, annexation would not substantially affect the indebtedness of either municipality. Moreover, because the territory was small and owned by only two individuals, we are not concerned with the disposition of real or personal property rights. Hence, the only question before us for determination is the over-all public interest. In our opinion, the comprehensive majority report admirably summarizes the proof adduced at the hearings and properly concludes that annexation would be in the over-all public interest (see, *Matter of Common Council of City of Albany* v. *Town Bd. of Town of Bethlehem*, 26 A D 2d 230, affd. 19 N Y 2d 646). We disagree with the analysis of the proof in the minority report and with its conclusion that annexation would not be in the over-all public interest. We therefore approve the majority report, findings of fact and conclusions of law and disapprove the minority report, findings of fact and conclusions of law; and, having heard oral argument, we confirm and adopt the majority report, findings and conclusions as those of this court and, based thereon, we adjudicate that the proposed annexation is in the over-all public interest. We note, however, that the petitioner has recently in separate proceedings annexed several parcels of land within the Town of Wallkill, resulting in irregular and jagged indentations of the boundaries between the municipalities. The spirit and intent of article 17 of the General Municipal Law demonstrate that the over-all public interest to be served by the annexation touches all phases of the resultant merger, including its effect on the structure of the county and the school and improvement districts affected. To this end, baroque annexations should be avoided, and appropriate boundaries indicated upon testimony, preferably by experts, with respect to the planning aspects of the annexation on the governmental units which are necessarily involved (cf. General Municipal Law § 712, subd. 7, par. c). Section 713 of the General Municipal Law provides that within 90 days after entry of the judgment of this court, a special election shall be held in the subject territory on the question whether the annexation should be approved. However, the subject territory herein involved has no residents and is owned by only two individuals who have urged on the record that the annexation be approved. In such case, the statutory special election would be a useless gesture and consequently can be dispensed with (see, 1964 Opns. Atty. Gen., p. 90; 1965 Opns. Atty. Gen., p. 145). Hence, our adjudication that annexation is in the over-all public interest is sufficient to support a judgment by us directing the annexation. The petitioner's motion is granted, it is adjudged that the proposed annexation is in the over-all public interest, and the annexation is directed, without costs. Christ, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.