THIRD DEPARTMENT, MAY, 1968

(May 1, 1968)

■ In the Matter of COMMON COUNCIL OF CITY OF GLENS FALLS, Petitioner, v. TOWN BOARD OF TOWN OF QUEENSBURY, Respondent, and COUNTY OF WARREN, Intervenor-Respondent.— *Per Curiam*. Application under section 712 of the General Municipal Law to confirm the report of Referees (Justices Edward S. Conway, Harold E. Koreman and Harold E. Simpson) and for judgment that

the proposed annexation to the City of Glens Falls of certain territory in the Town of Queensbury is in the over-all public interest. The critical issue, and perhaps the only substantial one, concerns the effect the proposed annexation would have on Warren County's plans for widening Quaker Road, a county road which runs through the territory involved. This question was raised in the testimony before the Referees, and was mentioned in their report, but without an explicit determination thereof. Subsequently, the County of Warren has, by our order, been permitted to intervene, and has submitted additional facts bearing upon this question. A remand to the Referees seems to us to be required for various reasons. While the report of the Referees is not binding on this court (General Municipal Law, § 712, subd. 10), their recommendations are entitled to great weight, and we should have their opinion on the critical dispute in this case. The effect of the annexation on the county's plans is a mixed question of law and fact, involving, among other things, matters of Federal, State and local financing of highway construction. Information on these matters is now available which was not brought before the Referees. Subdivision 2 of section 707 of the General Municipal Law and section 131-k of the Highway Law authorize the county and city to enter into an agreement concerning the title to and future improvements to be made to the county highway within the territory. In the event of a remand, the local governments may be able to enter into agreements pursuant to such statutory authority so as to resolve the dispute as to the highway. The parties, including the intervenor, should have the opportunity to produce testimony on the specific issue herein before alluded to, should they be so advised and should the Referees consider additional proof with respect to that issue necessary or advisable. Application denied, without costs, and case remitted to the Referees for further proceedings not inconsistent herewith. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum *Per Curiam.*