## (June 23, 1969)

■ In the Matter of COMMON COUNCIL OF THE CITY OF GLENS FALLS, Petitioner, v. TOWN BOARD OF THE TOWN OF QUEENSBURY, Respondent, and COUNTY OF WARREN, Intervenor-Respondent.— MEMORANDUM BY THE COURT. Application by petitioner City Council for judgment that the proposed annexation to the City of Glens Falls of certain territory, comprising about 77 acres, in the Town of Queensbury is in the over-all public interest. The application is made in proceedings for an adjudication and determination of that issue brought pursuant to section 712 of the Municipal Annexation Law. (General Municipal Law, art. 17.) Annexation was recommended by the report of the Referees (Justices Edward S. Conway, Harold E. Koreman and Harold E. Simpson) previously submitted and, again, by supplemental report following remand pursuant to our order (30 A D 2d 577). An objection to annexation was presented by the intervenor, the County of Warren, which owns a strip of land, 130 feet in width, running through the territory to be annexed, upon which it has constructed and maintains a county road, Quaker Road, which it plans to improve with financial assistance provided by the State and Federal Governments. Under existing programs, such funds are available only to county governments, and the applicant is required to certify that it will maintain and repair the highway after improvements are completed. The intervenor maintains that if the territory described in the petition for annexation is annexed to the city, the only authority under which it could improve that portion of Quaker Road within the new city limits is section 131-k of the Highway Law, which contains a provision that, upon completion of a construction or improvement thereunder the highway or section thereof shall be maintained and repaired by the city in which it is situated. The Referees may be quite correct in concluding that this statute, apparently enacted to permit the expenditure of county funds for the reconstruction and improvement of existing city streets that serve transients and suburban populations as well as city residents (N. Y. Legis. Annual, 1967, Memorandum by the Joint Legislative Committee on Metropolitan and Regional Areas Study, p. 116) would have no application to the projected improvement of this existing county road. Nevertheless, the question is not free from doubt. It is before us only as a collateral matter and no conclusions with respect to it that we might reach would bind the municipal, State and Federal authorities concerned with the problems of construction and financing. Whatever public advantage might be promoted by annexation of the relatively small area described in the petition and the residential development completed and contemplated thereon, is far overshadowed and outweighed by the near-critical public necessity of commencing and completing the presently delayed improvement of the important and overburdened arterial highway. It seems rather clear that this project will not be commenced while uncertainty and reasonably bottomed doubt remain as to the effect of annexation upon the legal problems surrounding the highway planning, construction and financing. The problem would have been obviated had the parties concerned chosen to exclude from the petition and proposed annexation the small, irregularly shaped parcel easterly of Quaker Road. Accordingly,

the court adjudges and determines, on the law and the facts, that the annexation applied for is not in the over-all public interest. Application denied, without costs. Settle order. Gibson, P. J., Herlihy, Reynolds; Staley, Jr., and Cooke, JJ., concur in memorandum by the court.