Jasen, J.
The principal question presented on this appeal is whether territory bisected by a State highway may be annexed by an adjoining local government.[1]
In accordance with the provisions of section 712 of the General Municipal Law, the City of Gloversville (City) petitioned the Appellate Division, Third Department, for an adjudication and determination of whether or not the proposed annexation of territory located in the Town of Johnstown (Town) was in the over-all public interest. The Town, in its answer, moved to dismiss the petition on the ground that a State highway bisected the territory to be annexed, and that as a result of such *4 separation, a portion of the territory did not adjoin the City as required by the General Municipal Law.
The Appellate Division agreed with the Town and dismissed the petition upon the grounds that a municipality may not annex a State highway and that territory separated from a municipality by a State highway does not “ adjoin ” the municipality within the meaning of section 703 of the General Municipal Law.
We cannot agree. Section 703 of the General Municipal Law provides, in pertinent part, “ [territory in one or more local governments adjoining one or more other local governments may be annexed to the latter ’ \ The only specific requirement of the statute is that the territory to be annexed must adjoin the annexing local government. Since the territory to be annexed adjoins the City for a distance of 650 feet, this requirement is clearly satisfied.
While it is true that Route 30-A, a State highway, bisects the land to be annexed, the presence of the highway within the territory does not prevent the proposed annexation. The vital and operative fact is that the highway, although State property, is not separate and apart from, but is within the territory of the Town government. The land upon which the highway was constructed was part of the Town before it was taken by the State; it did not cease to be part of the Town when the State acquired it for highway purposes.
In Howard v. Commissioners (344 U. S. 624), the court considered the validity of the annexation by the City of Louisville, Kentucky, of certain Federally owned land on which a Naval Ordnance Plant was located. In holding that the City of Louisville could annex the Ordnance Plant area, the court said: “ When the United States, with the consent of Kentucky, acquired the property upon which the Ordnance Plant is located, the property did not cease to be a part of Kentucky. The geographical structure of Kentucky remained the same. In rearranging the structural divisions of the Commonwealth, in accordance with state law, the area became part of the City of Louisville, just as it remained a part of the County of Jefferson and the Commonwealth of Kentucky. A state may conform its municipal structures to its own plan, so long as the state does not interfere with the exercise of jurisdiction within the federal area by the United States * * * A change of *5 municipal boundaries did not interfere in the least with the jurisdiction of the United States within the area or with its use or disposition of the property. The fiction of a state within a state can have no validity to prevent the state from exercising its power over the federal area within its boundaries, so long as there is no interference with the jurisdiction asserted by the Federal Government. The sovereign rights in this dual relationship are not antagonistic.” (344 U. S., at pp. 626-627.) Other jurisdictions have likewise allowed a local government to annex Federally owned land (County of Norfolk v. City of Portsmouth, 186 Va. 1032; City of Wichita Falls v. Bowen, 143 Tex. 45), including U. S. highways (State of Texas ex rel. City of West Orange v. City of Orange, 300 S. W. 2d 705; People ex rel. Forde v. Town of Corte Madera, 115 Cal. App. 2d 32) and State owned land (e.g., Day v. City of Salem, 65 Ore. 114, 120; City of Wichita Falls v. Bowen, supra, at p. 52).
It should be readily apparent that for the purposes of annexation by a local government, there is nothing inviolate about Federally or State owned property, provided the local government does not interfere with the disposition and use of said property. Here, it cannot be said that a change of municipal boundaries would interfere with the ownership of the State highway or its use by the public, since the only effect of such annexation would be to require the City to maintain that portion of the State highway located within the annexed territory. (Highway Law, § 344.)
It is of some significance that our annexation statute contains no provision prohibiting annexation of State owned lands. Section 716 of the General Municipal Law, which specifically contains restrictions and prohibitions relative to proposed annexations, does not prohibit annexation of a State highway by a local government. If the Legislature had intended such a restriction, it is reasonable to assume that it would have included same in this section of the Municipal Law.
The validity of an annexation ought not to turn upon who owns the land which is the subject of the annexation, but upon the statutory requirements that the annexing local government and the territory to be annexed adjoin (General Municipal Law, § 703) and that the annexation be in the over-all public interest (General Municipal Law, § 711, subd. 1; § 712, subd. 1).
*6 A court should consider, as part of the over-all public interest test, the issue of whether or not the annexing local government and the territory to be annexed have the requisite unity of purpose and facilities to constitute a community. To be sure, a State highway may, but does not in every case, prevent the lands on either side from constituting a unified community. The determination of' this issue must rest upon the particular facts, and circumstances of each case.
To decide otherwise would deny to those communities, which by chance may be bounded by a State highway, the opportunity to acquire additional territory which may be needed for existing municipal purposes and for natural growth. It might forever deny to that territory situated across the State highway the services and facilities which a municipality can offer, or encourage the formation of numerous small and competing local governments having a duplication of effort and affording limited services.
Holding as we do that the annexation petition is valid, it is necessary to remand the matter to the Appellate Division for an adjudication and determination as to whether or not the proposed annexation is in the over-all public interest. (General Municipal Law, § 712, subd. 1.)
Accordingly, the order of the Appellate Division dismissing the petition should be reversed and the matter remanded to the Appellate Division for further proceedings.
Chief Judge Fuld and Judges Burke, Gabrielli, Jones and Wachtler concur; Judge Breitel taking no part.
Order reversed, without costs, and matter remitted to Appellate Division for further proceedings in accordance with opinion herein.

. Also before us on this appeal is an order of the Appellate Division (37 A D 2d 802) granting an extension of time to the Town permitting the filing of an order disapproving the proposed annexation as required by section 711 (subd. 2) of the General Municipal Law. This order should be approved as the Appellate Division, in an area of original jurisdiction, has broad discretion to entertain ancillary motions to a special proceeding, including a motion for extension of time. (CPLR 103, subd. [b]; 2004.)