■ In the Matter of BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF WARWICK, Petitioner, v TOWN BOARD OF THE TOWN OF WARWICK, ORANGE COUNTY, Respondent.—In a proceeding pursuant to section 712 of the General Municipal Law to determine whether the proposed annexation of certain territory in the Town of Warwick by the Incorporated Village of Warwick is in the over-all public interest, wherein this court, by order dated September 29, 1975, designated Justices Donohoe, Trainor and Sirignano as Referees to hear and report their findings of fact and conclusions of law, petitioner moves, *inter alia,* to confirm the report of the Referees that the proposed annexation is in the over-all public interest, and respondent cross-moves, *inter alia,* to reject the said report. Motion granted and cross motion denied, without costs or disbursements, and it is determined that the proposed annexation is in the over-all public interest. This proceeding for the annexation of the "Card Farm", a parcel of approximately 144 acres in the Town of Warwick, to the Incorporated Village of Warwick, follows a familiar pattern. The owner desires to develop the property—here as a multifamily condominium—and pleads that the development will be difficult because of the lack of a municipal water supply and sewer system in the town. The village possesses both and desires the benefit which would be derived from increased tax assessments. The property has no inhabitants. However, here the sole physical connection of the property to the village is a contiguous boundary of 200 feet along a village park. A parcel known as the "McFarland Farm" separates the remaining land under consideration from the village. The report of the Referees justly describes the village boundary lines, reflecting previous annexations as well as the present annexation, as resembling "a pane of glass that has been shattered by a hammer." We have noted on a prior occasion our belief that baroque annexations should be avoided *(Matter of Common Council of City of Middletown v Town Bd. of Town of Wallkill,* 29 AD2d 561; cf. *People ex rel. Cherry Val. Fire Protection Dist. v City of Rockford,* 120 Ill App 2d 275; *Township of Owosso v City of Owosso,* 385 Mich 587; *Town of Mt. Pleasant v City of Racine,* 24 Wis 2d 41; *Reafsnyder v City of Warsaw,* 293 NE2d 540 [Ind App]). The statute provides that the territory to be annexed must be adjoining the municipality seeking annexation (General Municipal Law, § 703; *Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 32 NY2d 1, 4). The Court of Appeals has said that one of the elements to be considered in an annexation proceeding is "whether or not the annexing local government and the territory to be annexed have the requisite unity of purpose and facilities to constitute a community" *(Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 32 NY2d 1, 6, *supra).* Judged by this standard, the report of the Referees recommending annexation has merit. Nevertheless, a cautionary note must be added. Annexations of territories pose important issues,

bearing on the proper geographic and economic division of the bulk of land lying outside of centers presently served by the facilities necessary for land development. Piecemeal annexation, benefiting one property owner alone, may well result ultimately in municipal boundaries not in accordance with proper planning criteria. Hence, wherever possible, annexation should not follow the fortuitous boundary lines of the land of a single owner who seeks immediate advantage to himself, but the broader lines of divisions based on the planning aspects of the annexation. Hopkins, Acting P. J., Latham, Damiani and Rabin, JJ., concur.