### (June 22, 1978)

■ In the Matter of the Common Council of the City of Gloversville, Petitioner, v Town Board of the Town of Johnstown, Respondent.— Application, pursuant to section 712 of the Municipal Annexation Law (General Municipal Law, art 17), to confirm the report of Referees and for a judgment that the proposed annexation to the City of Gloversville of certain territory in the Town of Johnstown is in the over-all public interest. Pursuant to an order of this court, entered May 11, 1977, Mr. Justice William L. Ford, Judge John J. Fromer, Judge of the County Court of Greene County, and Judge Michael W. Duskas, Judge of the County Court of St. Lawrence County (both temporarily assigned to the Supreme Court, Fulton County) were designated to hear and report on this matter (General Municipal Law, § 712, subd 6). At the conclusion of the evidentiary hearing, proposed findings of fact and conclusions of law were submitted by the parties, and a report was issued by the Referees who were unanimous in their conclusion that the proposed annexation of a .435-square-mile parcel of land located in the Town of Johnstown by the City of Gloversville was in the over-all public interest and recommended approval of the proposal upon certain conditions. Petitioner, the Common Council of the City of Glovers-ville, has moved to confirm the Referees' report, while respondent, the Town Board of the Town of Johnstown, has cross-moved to reject it. It is this court's statutory duty to make its own independent determination and enter judgment on whether the proposed annexation is in the over-all public interest (General Municipal Law, § 712, subd 10; *City of Batavia v Town of Batavia,* 45 AD2d 203, mot for lv to app den 35 NY2d 644). Resolution of this ultimate question entails a weighing of the respective benefits and detriments to the parties involved *(Matter of City of Saratoga Springs v Town of Greenfield,* 34 AD2d 364, mot for lv to app den 28 NY2d 482). In this proceeding it is plain that an improved water supply in the territory to be annexed is a major concern. It is equally clear, and not denied by respondent, that the water supply in that territory, now provided by a private concern, is expensive and likely to become inadequate. The record, with ample evidentiary support, demonstrates that the most practical solution for this problem is for the City of Gloversville to supply its water to the area to be annexed, and also discloses that the most reasonable manner for the territory to acquire water is through annexation, particularly since respondent's attempt to create a water district was voted down and the city seems perfectly willing and able to sell water to others presently outside its limits. Other services may be adequate at the present time, but respondent does not contest the finding that the cost would be minimal for the city to provide fire, police, sanitation and highway services to the territory to be annexed, or the finding that the city's tax base would be increased in the event of annexation. Although the Referees concluded there would be potential sewage problems with continued growth, we find no evidence to support this finding and their inspection of the area in issue will not suffice as a substitute. On the other hand, should annexation occur, it is said that taxes in the proposed territory will go up dramatically; other services, such as school busing and fire protection in the existing Pleasant Square Fire

District will be lost; and tax revenues to the respondent will be diminished. Even though respondent will lose some tax revenue, the other contentions are not supported by the record and an adverse tax consequence to respondent cannot be permitted to override the paramount public concern for an expeditious solution of the water problem within the area to be annexed (see *City of Batavia v Town of Batavia, supra,* p 206). Therefore, we conclude that this proposed annexation is in the over-all public interest. We would, however, modify the Referees' report by deleting therefrom findings that growth in the annexation area is creating present and potential sewage problems and that none of the volunteer firemen of the Pleasant Square Fire District live in the annexation area. Moreover, we further observe that conditions imposed by the Referees regarding agreements from the Kingsboro Waterworks Company have become moot, as evidenced by an affidavit of the Mayor of the City of Gloversville submitted on this application, and should be dropped from their report. Application granted, without costs, to the extent of deleting from the Referees' report the findings with respect to the potential sewage problems and with respect to the lack of residence within the annexation area of any volunteer of the Pleasant Square Fire District, and, as so modified, report confirmed; judgment directed to be entered in favor of petitioner that proposed annexation is in the over-all public interest and that the proposed area be annexed to the City of Gloversville. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Larkin, JJ., concur.