■ CITY OF AUBURN, Petitioner, v TOWN OF SENNETT, Respondent, and ROBERT DELLO STRITTO, Intervenor. — Report of Referees unanimously confirmed, without costs, and judgment granted in favor of petitioner adjudging that the proposed annexation is in the over-all public interest. Memorandum: The sole issue in this proceeding is whether the proposed annexation to the City of Auburn of intervenor's property situated in the Town of Sennett is in the "over-all public interest" (General Municipal Law, § 712, subd 1). The territory proposed to be annexed consists of 15 lots in the Town of Sennett comprising approximately 2.4 acres of land. This area is contiguous to land in the City of Auburn consisting of approximately four acres which is also owned by intervenor. The only access to the City of Auburn property is through the land located in the Town of Sennett. This access would be through the development of a proposed roadway upon which the Town of Sennett lots front. The Town of Sennett is not able to provide funds or assistance in developing roads, sewer or water facilities without formation of special districts which the town is unwilling to do. The intervenor is financially unable to install the necessary roads or water and sewer lines but the City of Auburn has expressed a willingness to undertake the necessary development and improvement of roads and ancillary facilities. It appears that without annexation the property in question will remain undeveloped and useless to all parties involved in this proceeding. Petitioner city has approved annexation, while respondent town has rejected it. Based upon an agreed statement of facts submitted to them by the parties, the Referees appointed by this court pursuant to subdivision 6 of section 712 of the General Municipal Law found that the proposed annexation would be in the over-all public interest. Petitioner and intervenor now move to confirm the Referees' report and respondent cross-moves for its rejection. This

court must make its own determination and adjudication *de novo* and enter judgment on the issue of whether the annexation is in the over-all public interest (General Municipal Law, § 712, subd 10) and while the report of the Referees is advisory only, we agree with and adopt the report. The territory sought to be annexed is presently unoccupied, undeveloped and essentially useless land yielding real property taxes to the Town of Sennett of about $8.27 a year. Development of the property would yield between 13 and 15 building lots which would bring in new residents and have a favorable economic effect upon the city and possibly the town as well. Thus, in considering "the benefit or detriment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit from which the territory would be taken" *(Matter of City of Saratoga Springs v Town of Greenfield,* 34 AD2d 364, 366, mot for lv to app den 28 NY2d 482), it is clear that annexation would be in the over-all public interest. The City of Auburn has demonstrated the requisite unity of purpose and facilities with the territory to be annexed to constitute a community *(Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 32 NY2d 1). The loss to the Town of Sennett through annexation would be minimal. Since there are no persons residing in the territory proposed to be annexed, we dispense with the requirement of a special election for approval of the proposed annexation (General Municipal Law, § 713; *Town Bd. of Town of Brighton v City Council of City of Rochester,* 59 AD2d 1041). (Proceeding pursuant to General Municipal Law.) Present — Cardamone, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.