■ COMMON COUNCIL OF THE CITY OF MIDDLETOWN, Petitioner, v TOWN BOARD OF THE TOWN OF WALLKILL et al., Respondents.—Proceeding, inter alia, pursuant to General Municipal Law § 712 to determine whether the proposed annexation of certain territory in the Town of Wallkill by the City of Middletown is in the over-all public interest. This court, by order dated April 26, 1985, designated Justices

Walsh, Ruskin and Jiudice as Referees to hear and report their findings of fact and conclusions of law. The Referees have now complied.

Matter remitted to the Referees for further proceedings in accordance herewith.

On March 21, 1984, a petition for the annexation of certain territory in the Towns of Wallkill and Mount Hope was filed pursuant to General Municipal Law § 703. After a public hearing (see, General Municipal Law §§ 704, 705) the City of Middletown issued a resolution approving the proposed annexation, while the local governing boards of the Towns of Mount Hope and Wallkill issued resolutions disapproving of the proposed annexation. A proceeding was thereafter commenced in this court by "Notice of Petition for Proposed Annexation" dated August 27, 1984. By order dated April 26, 1985, this court granted a motion by the Town of Mount Hope to dismiss the proceeding as to it. With respect to the proceeding as against the Town of Wallkill, this court designated three Referees to conduct a trial of the issues raised in the petition (see, General Municipal Law § 712 [6]).

The Referees have now filed their report, and have recommended that the proceeding be dismissed as against the Town of Wallkill. The Referees determined that the petitioner City of Middletown failed to set forth, in its resolution approving the proposed annexation "findings with respect to * * * the effect of such proposed annexation on the over-all public interest" as required by the General Municipal Law § 711 (2) (a). While we agree that the findings of fact contained in the resolution are largely conclusory, we do not agree that this defect warrants dismissal of the proceeding. Pursuant to General Municipal Law § 712 (7) (d), the Referees are empowered to conduct pretrial conferences in order to "[c]larify and define the issues to be tried". Employing this procedure, the Referees will be able to call upon the petitioner to clarify the reasons for its findings that the annexation would be in the over-all public interest, and to otherwise frame the issues to be tried. Accordingly, the matter is remitted to the previously designated Referees, who are hereby directed to conduct a trial on the merits in accordance with the statutory procedure (General Municipal Law § 712 [6]) after having conducted such pretrial proceedings as, in their discretion, the Referees conclude are necessary (General Municipal Law § 712 [7]). The Referees are further directed to file their report as to whether the proposed annexation would be in the over-all public interest with all convenient speed in accordance with statute

(General Municipal Law § 712 [9]). Weinstein, J. P., Lawrence, Eiber and Kunzeman, JJ., concur.