■ COMMON COUNCIL OF THE CITY OF MIDDLETOWN, Petitioner, v TOWN BOARD OF THE TOWN OF WALLKILL, Respondent.—Proceeding, *inter alia,* pursuant to General Municipal Law § 712 to determine whether the proposed annexation of certain territory in the Town of Wallkill by the City of Middletown is in the over-all public interest. This court, by order dated June 3, 1986 *(Common Council v Town Bd.,* 121 AD2d 426, *appeal dismissed* 69 NY2d 898), remitted the matter to the Referees previously designated in an order of this court dated April 26, 1985, for a trial on the merits, and, following its conclusion, directed those Referees to file a report as to whether the proposed annexation would be in the over-all public interest. The Referees have now complied with this court's directive and the respondent moves, pursuant to CPLR 4403, to confirm the Referees' report dated March 15, 1988, which concluded that the proposed petition for annexation was not in the over-all public interest and recommended that the petition for annexation be denied, and to dismiss the annexation proceeding, and the petitioner cross-moves to disaffirm the Referees' report and for a judgment that the proposed annexation is in the over-all public interest.

Ordered that the motion is granted, and the cross motion is denied, without costs or disbursements; and it is further,

Adjudged that the report of the Referees is confirmed, without costs or disbursements, judgment is granted in favor of the respondent, and it is adjudged that the proposed annexation is not in the over-all public interest, and the annexation proceeding is dismissed.

The petitioner City of Middletown has filed a petition seeking to annex 2,049 acres of land currently located in the respondent Town of Wallkill, which would nearly double its size. This court, by order of reference dated April 26, 1985,

pursuant to General Municipal Law § 712, designated Justices Jiudice, Ruskin and Walsh as Referees to hear and report thereon. Following an extensive trial, the Referees found that the proposed annexation was not in the over-all public interest. We concur with that finding.

Although the Referees' report is entitled to great weight, it is advisory only, with this court retaining exclusive responsibility to judge the proposed annexation by the sole relevant criteria of "over-all public interest" (General Municipal Law § 712 [10]; *Matter of City of Auburn v Town of Aurelius*, 122 AD2d 585, *lv denied* 68 NY2d 610; *Matter of City of Auburn v Town of Fleming*, 79 AD2d 1104, *appeal dismissed* 53 NY2d 937; *Matter of Common Council v Town Bd.*, 30 AD2d 577, *appeal after remand* 32 AD2d 855).

A determination of whether a proposed annexation is in the over-all public interest "entails focusing upon and weighing the benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the remaining governmental unit from which the territory would be taken (see, *Matter of City of Saratoga Springs v Town of Greenfield*, 34 AD2d 364; *Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon*, 32 AD2d 52, affd 27 NY2d 369)" (*Matter of City of Ogdensburg v Town of Oswegatchie*, 76 AD2d 1012, 1013, *lv denied* 51 NY2d 706). "Benefit and detriment are customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education" (*Matter of Town of Lansing v Village of Lansing*, 80 AD2d 942). "The burden of establishing that the annexation is in the over-all public interest is with the municipality seeking it" (*Matter of City of Ogdensburg v Town of Oswegatchie, supra*, at 1013). It has also been stated that "[a] court should consider, as part of the over-all public interest test, the issue of whether or not the annexing local government and the territory to be annexed have the requisite unity of purpose and facilities to constitute a community" (*Matter of Common Council v Town Bd.*, 32 NY2d 1, 6).

The petitioner has failed to meet its burden of proving that the proposed annexation would be in the over-all public interest. The evidence adduced at trial indicates that the proposed annexation area is a wooded and agricultural area without current need for water and sewer services, and that much of the area consists of wetlands, flood plains and steep slopes incapable of further development. Although both the city and the town have the capability to supply water and sewer

services to the proposed annexation area, the town already has plans in place to provide that area with water and sewer service upon demand. The record reveals that the city, on the other hand, is already exceeding the safe rate of removal of water from its reservoirs and an infiltration flow problem in its antiquated water system makes it a less efficient system than that maintained by the town. After suffering a water shortage in 1979 and 1980, the petitioner was directed by the Department of Environmental Conservation to find additional water sources but failed to comply with this directive. A comparison of additional services indicates that the town currently provides more than adequate police and fire protection to the proposed annexation area. The petitioner pays taxes in the amount of $15,060.24 on the property it owns within the proposed annexation area. Annexation would result in a loss of revenue to the town in the amount of $10,994.04 in general and highway tax revenue. The town's fire districts would also lose money in tax revenue should annexation be approved.

The record further reveals that the master plans of Orange County and the Town of Wallkill are in conformity with each other while the city has no comprehensive master plan. Nor did the city perform planning studies prior to initiating this annexation proceeding. Rather, the petitioner concededly selected the boundaries of the proposed annexation area by omitting residents it believed would vote against annexation in a referendum. These boundaries were chosen arbitrarily, without the benefit of a single planning study, and would result in dividing the Town of Wallkill into two, separate, noncontiguous parcels which would leave certain town residents completely surrounded by the City of Middletown. This court has previously condemned such "baroque" annexations which result in "irregular and jagged indentations of the boundaries between the municipalities" *(Matter of Common Council v Town Bd.,* 29 AD2d 561, 562; *see also, Matter of Board of Trustees v Town Bd.,* 56 AD2d 928). Considering all the factors, we conclude that the public interest would not be served by the annexation.

In light of our holding, we do not reach the respondent's remaining contention. Kooper, J. P., Sullivan, Harwood and Balletta, JJ., concur.