Michael T. Welsh, Esq. Village Attorney, LeRoy
You have asked whether a village assumes responsibility for the maintenance of a county road when it annexes the property which surrounds the road.
Your letter notes that the Village of LeRoy is contemplating annexing an athletic field which is located in the Town of LeRoy. The road abutting the athletic field is part of the county highway system. If the field becomes part of the village, the property on both sides of the county road will be located within the corporate limits of the village. Your question is whether the village will become responsible for maintaining the road after the annexation.
Municipal annexations are governed by article 17 of the General Municipal Law (§§ 700-719). The article does not contain any provisions as to the effect of annexation on highways running through the annexed territory, but this issue was discussed in Matter of Common Council ofthe City of Gloversville v Town Board of the Town of Johnstown (32 N.Y.2d 1
[1973]). In Gloversville, the issue was whether a city could annex property which was adjacent to the city, but separated from the city boundary by a State highway (32 N.Y.2d at 3-4). The Court found that the property could be annexed and noted as follows with regard to the effect of the annexation on the highway itself:
 "It should be readily apparent that for purposes of annexation by a local government, there is nothing inviolate about Federally or State owned property, provided the local government does not interfere with the disposition and use of said property. Here, it cannot be said that a change of municipal boundaries would interfere with the ownership of the State highway or its use by the public . . ." (32 N.Y.2d at 5).
By the same reasoning, a change in the Village of LeRoy's boundaries would have no effect on the road in question: it would remain part of the county highway system (see Op Atty Gen No. 88-18).
Furthermore, the fact that the county road will now lie entirely within the village boundaries has no effect on its status as a county road. Highway Law, § 131 unequivocally provides that "[n]otwithstanding any other provisions of law, the county road system provided for in this article may include highways within an incorporated village" (see 1986 Op Atty Gen [Inf] 132). A road can be transferred from the county highway system to the village within which it lies, but only pursuant to the procedure established in section 115-b of the Highway Law (see 1983 Op Atty Gen [Inf] 135). Section 115-b establishes a two-step procedure for such a reversion of highways: (1) the county superintendent of highways must recommend that the road revert to the village; and (2) the reversion must be agreed to by the village, or approved by the commissioner of transportation (ibid.).
We conclude that when a village annexes property which encompasses a county highway, it does not automatically assume responsibility for maintenance of the county highway.