■ In the Matter of JAMES P. CARUSO et al., Constituting the Village Board of the Village of Altamont, Petitioners, v KEVIN A. Moss et al., Constituting the Town Board of the Town of Guilderland, Respondents.—Mercure, J. Proceeding initiated in this court pursuant to General Municipal Law § 712 to confirm the report of the Referees that the proposed annexation to the Village of Altamont of certain territory in the Town of Guilderland is in the over-all public interest.

The boundary line between the Village of Altamont and the Town of Guilderland in Albany County bisects an approximately 36-acre parcel of land owned by Oakwood Operating Company and Barbco Construction, which is the site of a proposed residential subdivision known as Kushaqua Estates. The village filed a petition seeking to annex the 18.22-acre portion (hereinafter the territory) located within the town. This court, by order of reference made pursuant to General Municipal Law § 712, designated Justices Conway, Prior and Cheeseman as Referees to hear and report thereon. Following the hearing, the Referees unanimously found that the proposed annexation was in the over-all public interest. We concur with that finding.

Although the Referees' report is entitled to great weight, it is this court's statutory duty to make its own determination and adjudication and enter judgment on the issue of whether the proposed annexation is in the over-all public interest *(Matter of Common Council v Town Bd.,* 63 AD2d 1081; *see,* General Municipal Law § 712). The determination of whether a proposed annexation is in the over-all public interest involves a weighing of the benefit or detriment to the annexing municipality, to the territory sought to be annexed and to the governmental unit from which the territory would be taken *(Common Council v Town Bd.,* 143 AD2d 215, 216; *Matter of City of Ogdensburg v Town of Oswegatchie,* 76 AD2d 1012, 1013, *lv denied* 51 NY2d 706). "Benefit and detriment are

customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education" *(Matter of Town of Lansing v Village of Lansing,* 80 AD2d 942). The Court of Appeals has also stated that "[a] court should consider, as part of the over-all public interest test, the issue of whether or not the annexing local government and the territory to be annexed have the requisite unity of purpose and facilities to constitute a community" *(Matter of Common Council v Town Bd.,* 32 NY2d 1, 6).

In this proceeding, it is clear that the respective abilities of the town and the village to provide sewer and water facilities to the territory is a major concern. The record demonstrates that the town does not have these facilities in its western end and has no plans for extending these services to the territory. Contrary to the town's assertion that the village's past practice of providing sewer and water services to some areas outside of the village for double the rates paid by village residents provides a basis for denial of the village's application, only annexation will assure availability of services in the territory *(see, City of Auburn v Town of Sennett,* 79 AD2d 1105; *City of Batavia v Town of Batavia,* 45 AD2d 203, 206, *lv denied* 35 NY2d 644).

Furthermore, the record supports the Referees' finding that the territory, by reason of its proximity to the village police and highway departments, will receive more immediate service from those agencies. Annexation would not alter fire protection services or school districts. Residents of the territory would not pay significantly higher taxes as a result of the annexation and the loss of tax revenues to the town would be minimal *(see, City of Batavia v Town of Batavia, supra,* at 206). Surrounding roads form a natural border and annexation would not result in the "irregular and jagged indentations of the boundaries between the municipalities" condemned by the courts *(Matter of Common Council v Town Bd.,* 29 AD2d 561, 562). In our view, the village has demonstrated the requisite unity of purpose and facilities with the territory to constitute a community *(see, Matter of Common Council v Town Bd.,* 32 NY2d 1, 6, *supra).* Weighing the benefits and detriments to the respective municipalities, we conclude, as did the Referees, that the over-all public interest will best be served by permitting the proposed annexation.

Finally, since the territory is presently uninhabited *(see,* General Municipal Law § 713; *City of Auburn v Town of Sennett,* 79 AD2d 1105, 1106, *supra; City of Batavia v Town of*

*Batavia, supra,* at 206) and since the owners seek the annexation *(see, Matter of Common Council v Town Bd., supra,* at 562), we dispense with the requirement of a special election for approval of the proposed annexation.

Application granted and cross application denied; report of the Referees confirmed, without costs, and judgment granted in favor of petitioners adjudging that the proposed annexation is in the over-all public interest. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.