■ In the Matter of CITY OF PORT JERVIS, Petitioner, v TOWN OF DEER PARK, Respondent.—Proceeding pursuant to General Municipal Law § 712 to determine whether the proposed annexation of certain territory in the Town of Deer Park by the City of Port Jervis is in the over-all public interest. By order dated July 26, 1987, this court remitted the matter to designated Referees for a trial on the merits, and following its conclusion directed those Referees to file a report as to whether or not the proposed annexation would be in the over-all public interest. The Referees have now complied with the court's directions. The petitioner moves to confirm their report, dated July 27, 1990, which recommended that the petition for annexation be granted, and the respondent cross-moves to reject the report and dismiss the petition.

Ordered that the motion is denied and the cross motion is granted, without costs or disbursements, and it is further,

Adjudged that the report of the Referees is rejected, without costs or disbursements, it is declared that annexation is not in the over-all public interest, and the annexation proceeding is dismissed. "Although the Referees' report is entitled to great weight, it is advisory only, with this court retaining exclusive

responsibility to judge the proposed annexation by the sole relevant criteria of 'over-all public interest' (General Municipal Law § 712 [10]; *Matter of City of Auburn v Town of Aurelius*, 122 AD2d 585, *lv denied* 68 NY2d 610; *Matter of City of Auburn v Town of Fleming*, 79 AD2d 1104, *appeal dismissed* 53 NY2d 937; *Matter of Common Council v Town Bd.*, 30 AD2d 577, *appeal after remand* 32 AD2d 855)" *(City Council v Town Bd.*, 143 AD2d 215, 216). Accordingly, the report will and should be overridden when, in the view of the Appellate Division, the facts and circumstances do not justify the result recommended by the Referees *(Town Bd. v City Council*, 59 AD2d 1041). Here, the evidence at the hearing demonstrated that the parcel in question is vacant, wooded and undeveloped land. As no evidence was presented of any specific plans for development of the subject property, the land is clearly without any current need for the water or sewer services which the petitioner city could supply, and the petitioner has failed to carry its burden of proving that annexation is in the public interest *(see, e.g., Matter of City Council v Town Bd., supra; cf., Matter of Board of Trustees v Town Bd.*, 56 AD2d 928). The petition is therefore dismissed. Mangano, P. J., Thompson, Eiber and Rosenblatt, JJ., concur.