Requestor: J. Philip Zand, Esq., Village Attorney Village of New Paltz P.O. Box 55 New Paltz, N.Y. 12561
Written by: James D. Cole, Assistant Attorney General in Charge of Opinions
You have asked whether a village may annex land in a town which is exclusively within the boundaries of a State highway so that properties adjoining the highway but not otherwise contiguous with village boundaries may be annexed to the village. The territory in question is located to the east of the village boundary line and does not adjoin the village in any respect. The highway does not separate the village from this property but serves as a route from the village across town land to the property proposed to be annexed.
Municipal annexation is governed by Article 17 of the General Municipal Law. Land to be annexed must adjoin the boundaries of the annexing municipality. General Municipal Law § 703. The Court of Appeals has addressed the question whether a municipality may annex territory that includes a State highway. Matter of Common Council of theCity of Gloversville v Town Board of the Town of Johnstown, 32 N.Y.2d 1
(1973). The City of Gloversville under Article 17 of the General Municipal Law petitioned the Appellate Division to annex territory located within the Town of Johnstown. A State highway located in the territory to be annexed formed the boundary between the city and the town. The town opposed annexation, claiming that a municipality may not annex a State highway and that territory separated from the annexing municipality by a State highway does not adjoin that municipality as required by law. The Court of Appeals rejected the town's argument, finding:
 "While it is true that Route 30-A, a State highway, bisects the land to be annexed, the presence of the highway within the territory does not prevent the proposed annexation. The vital and operative fact is that the highway, although State property, is not separate and apart from, but is within the territory of the Town government. The land upon which the highway was constructed was part of the Town before it was taken by the State; it did not cease to be part of the Town when the State acquired it for highway purposes.
. . .
 "It should be readily apparent that for the purposes of annexation by a local government, there is nothing inviolate about Federally or State owned property, provided the local government does not interfere with the disposition and use of said property. Here, it cannot be said that a change of municipal boundaries would interfere with the ownership of the State highway or its use by the public, since the only effect of such annexation would be to require the City to maintain that portion of the State highway located within the annexed territory."
Matter of Common Council of the City of Gloversville, 32 N.Y.2d at 4, 5;see, 1988 Op Atty Gen (Inf) 58. Prior opinions of this office can be distinguished. 1961 Op Atty Gen (Inf) 67; 1963 Op Atty Gen (Inf) 153. The law in effect at the time of these opinions provided for a separate proceeding for annexation by a village of a town highway. Once the highway was annexed, the town property on the other side of the highway would adjoin the village for purposes of annexation. These opinions recognized the need at the time for two separate annexations. In 1988, we applied the provisions of the current annexation law (Article 17 of the General Municipal Law) as construed by the Court of Appeals in Matter of CommonCouncil of the City of Gloversville, supra, concluding that a village may annex town territory that includes a State highway provided that the parcel adjoins the village. In that opinion, we noted that our 1965 opinion (1965 Op Atty Gen [Inf] 111), based on a prior decision, is no longer controlling. We also distinguish Informal Opinion No. 92-11, wherein a village proposed to annex town territory separated from the village by a town highway. In that the highway separated the village from the territory to be annexed, and was not included in the proposed annexation, we found that the territory did not adjoin the village as required by the municipal annexation law.
Thus, a local government may annex territory that includes a State highway, provided that the territory adjoins the annexing local government. Your village, however, proposes to annex a section of a State highway in order to extend the village boundary to an otherwise separate parcel so that it can then be annexed. According to the map you have provided, the highway does not fall on the border of the territory and the annexing local government. The highway is a route to the territory. In our view, the land on which the State highway is located may not be annexed for this purpose. Article 17 of the General Municipal Law does not contemplate the annexation of a highway solely as a means of gaining access to another parcel so that it can be annexed. The purpose of annexation is to serve the public interest by connecting territory that has the requisite unity of purpose and facilities to constitute a community when joined to the annexing local government. See, Matter ofCommon Council of the City of Gloversville, supra, at pp 5-6. The proposed annexation of the highway would not serve this purpose. Further, the other parcel desired for annexation, completely outside the village, would not constitute a community with the village if annexed to the village. Matter of Common Council of the City of Gloversville, supra, p 6. According to the map you have provided, the territory would be an island separate from the village connected only by the State highway.
We conclude that a village may not annex land exclusively within the bounds of a State highway in order that properties which adjoin the highway but do not otherwise adjoin the village may thereafter be annexed to the village.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.