(November 13, 1997)

■ In the Matter of the VILLAGE OF SAUGERTIES, Petitioner, v TOWN OF SAUGERTIES, Respondent. [664 NYS2d 152] —Mercure, J. Proceeding initiated in this Court pursuant to General Municipal Law § 712 to determine whether the proposed annexation of property now located in the Town of Saugerties to the Village of Saugerties is in the overall public interest.

In January 1990, a petition was filed with petitioner, the Village of Saugerties, proposing that several commercial properties, comprising approximately 17 acres of land situated on the north side of State Route 212 in the Town of Saugerties, Ulster

County (hereinafter the territory) be annexed to the Village. Following public hearings, petitioner and respondent each considered the issue of whether the proposed annexation was in the overall public interest (*see,* General Municipal Law §§ 705, 711) and reached opposite conclusions.

Petitioner thereafter filed a petition pursuant to General Municipal Law § 712 seeking to have this Court determine the controversy. We referred the matter to a three-Judge panel of Referees pursuant to General Municipal Law § 712 (6), and the matter came on for a hearing before them in September 1993. Without addressing the issue of whether annexation of the territory was in the overall public interest (*see,* General Municipal Law § 712 [9]; *Matter of City Council v Town Bd.,* 29 AD2d 167, 169), the Referees dismissed the petition based upon their conclusion that petitioner failed to comply with the provisions of the State Environmental Quality Review Act (ECL art 8) and 6 NYCRR part 617 prior to its July 1990 approval of the petition for annexation. We denied petitioner's subsequent motion to confirm the Referees' determination, however, and instead annulled the Referees' determination and remitted the matter for consideration of the issue of whether the annexation is in the overall public interest (201 AD2d 52).

The panel of Referees (with one substitution) then reconvened. In accordance with the stipulation of the parties, they heard no further evidence but determined the matter on the basis of the record that was developed at the September 1993 hearing. In April 1996, the Referees issued their report, determining that the annexation of the territory was in the overall public interest, and in May 1997 petitioner filed the present petition to confirm the Referees' report. Respondent opposed the application, contending that petitioner is guilty of laches, that the territory is not "adjoining" to the Village and thus not subject to annexation (*see,* General Municipal Law § 703 [1]) and that, in any event, the annexation is not in the overall public interest. Although there appears to be some merit to each of respondent's contentions, we need focus only on the ultimate issue of whether the annexation is in the overall public interest.

It is fundamental law that "[a]lthough the Referees' report is entitled to great weight, it is this court's statutory duty to make its own determination and adjudication and enter judgment on the issue of whether the proposed annexation is in the over-all public interest" (*Matter of Caruso v Moss,* 161 AD2d 1038; *see,* General Municipal Law § 712 [10]; *Matter of Common Council v Town Bd.,* 63 AD2d 1081). Here, the original

impetus for the proceeding and essentially the only justification for annexation of the territory was petitioner's view that it should not be expected to provide "outside" water and sewer services (at rates fixed at 175% and 200% of those charged to Village residents) to the highly assessed commercial properties in the territory without the concomitant financial benefit of having them added to its tax roll. In that connection, the record shows that petitioner had excess capacity in both its water and sewer systems but required the affected landowners to sign the instant petition for annexation as a condition precedent to its prospective or continued provision of those services. Under the circumstances, we are not persuaded that annexation was required in order to assure availability of necessary water and sewer service to the territory (*compare, Matter of Caruso v Moss, supra; City of Auburn v Town of Sennett*, 79 AD2d 1105; *City of Batavia v Town of Batavia*, 45 AD2d 203, 206, *lv denied* 35 NY2d 644).

All other factors to be properly considered in an annexation proceeding were either neutral or actually weighed against annexation. Respondent has its own police force, which was shown to be at least as qualified as petitioner's to service the territory. In the area of fire and ambulance protection, annexation would actually create new problems by virtue of the fact that emergency vehicles from the Village faced the potential barrier imposed by a busy railroad crossing, accommodating some 25 passing trains of approximately 125 to 150 cars each day. Perhaps most damaging to petitioner's cause, there was no showing of "the requisite unity of purpose and facilities to constitute a community" (*Matter of Common Council v Town Bd.*, 32 NY2d 1, 6). To the contrary, annexation of the territory, quite aptly described by respondent's municipal planning expert as "a very irregularly shaped appendage", would "result in the 'irregular and jagged indentations of the boundaries between the municipalities' condemned by the courts" (*Matter of Caruso v Moss, supra*, at 1039, quoting *Matter of Common Council v Town Bd.*, 29 AD2d 561, 562). As for the question of the territory's contiguity with the Village, based upon our review of maps that were received in evidence at the hearing and upon uncontroverted averments contained in respondent's brief, it appears that the territory's common line with the Village was but 20 feet in length and that this very slight area of contiguity was entirely eliminated by virtue of a State highway

appropriation that took place subsequent to the commencement of this proceeding.*

Based upon the foregoing considerations, we conclude that the proposed annexation is not in the overall public interest.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the motion is denied, without costs, Referees' determination annulled and it is adjudged that the proposed annexation is not in the overall public interest.

---

* Because of the parties' failure to present competent evidence on the issue, we are unable to find as a matter of law that a State highway appropriation eliminated the small area where the territory originally adjoined the Village. Had such evidence been presented (and there appears to be no doubt as to its existence), we would have dismissed the petition on the basis of a finding that the territory and the Village are not "adjoining" (General Municipal Law § 703 [1]; see, 1992 Opns Atty Gen 92-11; 92-53; cf., Matter of Common Council v Town Bd., 32 NY2d 1, supra). In any event, we may consider the extent of contiguity in connection with our analysis of the issue of whether there existed a unity of purpose and facilities.