■ In the Matter of the TOWN OF PLATTSBURGH, Petitioner, v TOWN OF SARANAC, Respondent. [711 NYS2d 263] —Spain, J. Proceeding initiated in this Court pursuant to General Municipal Law § 712 to determine whether the proposed annexation of certain property now located in the Town of Saranac to the Town of Plattsburgh is in the over-all public interest.

In October 1998, property owners in a 265-acre territory in the Town of Saranac, Clinton County, petitioned to have the property annexed by petitioner (see, General Municipal Law § 703). After the public hearing required by General Municipal Law § 705, petitioner's Town Board voted to approve the annexation and respondent's Town Board voted to disapprove the annexation. Petitioner thereafter commenced this proceeding (see, General Municipal Law § 712) and, pursuant to General Municipal Law § 712 (6), this Court designated a panel of three Referees to hear and report on the matter. The Referees conducted the trial required by General Municipal Law § 712 (6) and thereafter issued a report recommending denial of the petition for annexation. Respondent moved to confirm the report. Petitioner cross-moved to reject the report and for judgment determining that annexation is in the over-all public interest.

The focus of this Court's inquiry in an annexation proceeding is whether the proposed annexation is in the over-all public interest (see, NY Const, art IX, § 1 [d]; General Municipal Law §§ 702, 712 [10]; Matter of City Council v Town Bd., 27 NY2d 369). "Although the Referees' report is entitled to great weight, it is this court's statutory duty to make its own determination and adjudication and enter judgment on the issue of whether the proposed annexation is in the over-all public interest" (Matter of Caruso v Moss, 161 AD2d 1038 [citations omitted]; accord, Matter of Village of Saugerties v Town of Saugerties, 244 AD2d 651, 652). "A determination of over-all public interest essentially entails focusing upon and weighing the benefit or det-

riment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit from which the territory would be taken" (*Matter of City of Saratoga Springs v Town of Greenfield*, 34 AD2d 364, 366, *lv denied* 28 NY2d 482 [citations omitted]; *see, Matter of Board of Trustees v Town of Ramapo*, 264 AD2d 519, 520).

Our factual analysis begins by noting that this is not the usual case where one municipality seeks to annex property that has long been part of another municipality. As a result of the lack of an accurate survey of the legislatively created boundary line, the territory at issue in this proceeding was considered part of petitioner from as early as 1824 until 1996 when, as the result of a declaratory judgment action commenced by respondent (*see, Town of Saranac v Town of Plattsburgh*, 218 AD2d 866), the boundary line was relocated to include the territory as part of respondent.

In applying the over-all public interest test, consideration should be given to the issue of whether the annexing municipality and the territory to be annexed have the requisite unity of purpose and facilities to constitute a community (*see, Matter of Common Council v Town Bd.*, 32 NY2d 1, 6; *Matter of Caruso v Moss, supra*, at 1039). In addition to the historical unity of petitioner and the territory to be annexed, several residents of the territory testified that they purchased their property in the belief that it was part of petitioner, that they used and benefitted from petitioner's facilities and services, and that they always considered themselves to be part of the community within petitioner's town. Nearly 80% of the voters in the territory, representing nearly 80% of the assessed value of the territory, signed the petition seeking annexation. It is clear, therefore, that the community factor of the over-all public interest test weighs heavily in favor of the proposed annexation which would reunite the territory with its historical community.

Other factors are less compelling. Although several residents voiced concerns about road maintenance, fire protection and ambulance service, the record demonstrates only minimal differences between the services provided by the parties. No change in the school district has or will occur. In response to residents' concerns about increased taxes, respondent claimed that its taxes were lower and that any increase experienced by residents was a result of reassessment. Several residents testified, however, that they experienced increased taxes under respondent's jurisdiction despite the absence of a corresponding increase in assessments. The record also demonstrates that

petitioner provides a somewhat broader recreational program, that petitioner has a zoning ordinance and code enforcement officer which respondent lacks, and that petitioner can, if it becomes necessary, provide municipal water to the territory.

It is undisputed that the tax benefit to petitioner from the proposed annexation and its impact on petitioner's ability to provide services would be minimal. Although respondent contends that the detriment to it would be significant, the loss of the territory from respondent's tax base would merely restore the status as it existed prior to 1996. In any event, the record reflects the type of ordinarily expected adverse tax consequence to respondent that is generally insufficient to defeat an annexation which is otherwise in the over-all public interest (*see, City of Batavia v Town of Batavia*, 45 AD2d 203, 205-206, *lv denied* 35 NY2d 644; *see also, Matter of Common Council v Town Bd.*, 63 AD2d 1081, 1082; *Matter of City of Saratoga Springs v Town of Greenfield, supra*, at 368). Respondent also claims that after the addition of the territory in 1996, firefighting equipment and road maintenance equipment was purchased which will have to be paid for by its remaining taxpayers if the annexation is approved. The record, however, demonstrates that the addition of the territory was only one of a number of factors which resulted in the purchases of the new equipment and that the area served by the equipment is not limited to the territory to be annexed. For example, the 1½ miles of road within the territory represent only a small fraction of the roads maintained by the town.

Considering all of the relevant factors, we conclude that the proposed annexation is in the over-all public interest.

Cardona, P. J., Mercure, Crew III and Lahtinen, JJ., concur. Adjudged that the motion is denied, without costs, cross motion granted, Referees' determination annulled and it is adjudged that the proposed annexation is in the over-all public interest.