In the Matter of the CITY COUNCIL OF THE CITY OF MECHANICVILLE, Petitioner, *v.* TOWN BOARD OF THE TOWN OF HALFMOON, Respondent, and ALFRED J. JENNINGS et al., Intervenors-Respondents.

Third Department, June 3, 1969.

*Peter J. Enzien (Carola & McKane* of counsel), for petitioner.
*John P. Weatherwax* for respondents.

STALEY, JR., J. This is an application made by petitioner, City Council, for judgment that the proposed annexation to the City of Mechanicville of certain territory in the Town of Halfmoon is in the over-all public interest. A cross application is made by the respondent, Town Board, and respondents-intervenors, for judgment that the proposed annexation is not in the over-all public interest. The applications are made in proceedings for an adjudication and determination of that issue brought pursuant to section 712 of the Municipal Annexation Law. (General Municipal Law, art. 17.)

On July 30, 1968, this court, by order of reference, made pursuant to said section 712, designated Mr. Justice KOREMAN, Mr. Justice KANE and Mr. Justice SODEN as Referees to hear the issues and report thereon. Upon the conclusion of the hearing which was held before the Referees, Justices KOREMAN and KANE filed a majority report that the proposed annexation was in the over-all public interest and a minority report was filed by Justice SODEN that the proposed annexation " would be in ' over-all public interest ' only if some control is established by the court to provide the major services of water and sewerage in the new area within reason; otherwise, the immediate power to levy and collect taxes upon the new area should not be granted under the guise of annexation ".

The City of Mechanicville consists of an area of slightly more than nine-tenths of a square mile which is heavily developed, and the area sought to be annexed has an area of 1.9 square miles, more than twice the size of the city with about 750 acres of vacant, developable land out of a total of 1,220 acres. In the event annexation is approved, the City of Mechanicville would be more than triple in size, with a minimal increase in population.

The petitioner contends that, on the facts, the annexation is in the over-all public interest of the city and the area proposed to be annexed and that any detriment to the town will be insignificant. The respondents contend that, on the facts, the annexation would be detrimental to the town and to the area sought to be annexed, and that any benefits to be derived by the city would be insignificant. The basic question to be considered is whether the proposed annexation is in the " over-all public interest ". A determination of this question involves a balancing of the benefits and detriments which will inure to the City of Mechanicville, the Town of Halfmoon and the territory proposed to be annexed, in the event annexation should be approved.

" The spirit and intent of article 17 of the General Municipal Law demonstrate that the over-all public interest to be served by the annexation touches all phases of the resultant merger ". (*Matter of Common Council of City of Middletown* v. *Town Bd. of Town of Wallkill,* 29 A D 2d 561, 562.) Thus, where the annexing body offered necessary public services to an area proposed to be annexed at low tax cost, and the loss in area and tax revenue to the other governmental body was negligible, annexation was found to be in the over-all public interest. (*Matter of Common Council of City of Albany* v. *Town Bd. of Town of Bethlehem,* 26 A D 2d 230, affd. 19 N Y 2d 646.)

The record here indicates that the population of the City of Mechanicville has steadily declined from a high of 8,514 in 1925 to a present estimate of about 6,000. While this loss in population may be attributed to such factors as high property taxes, urban renewal, and an arterial highway, it is also attributable to the age of the dwellings in the city, loss of industry, reduction in the number of jobs available, and the lack of expansion area. While the area sought to be annexed would provide expansion room, it is questionable that it would result in an increase in population, since admittedly it is more suitable for business and commercial development than for residential purposes. While the city urges that it needs room for residential growth, the highest and best use of the area to be annexed being for business and commercial use, it is not probable that annexation would result in any substantial residential growth. Thus, if any benefits are to be derived by the city, it would be through industrial, commercial and business expansion within the near future. There is, however, in the record no evidence that industry or business has shown an interest in locating in the area.

Important from the standpoint of the area proposed to be annexed is the need for the services which the city has to offer and the cost of these services. (See *Matter of Common Council of City of Albany* v. *Town Bd. of Town of Bethlehem, supra.*) The area sought to be annexed has police, fire protection, and garbage disposal, three of the services offered by the city. The evidence is not convincing that the city can offer more adequate police protection than that now given by the Saratoga County Sheriff and the New York State Police. As to fire protection, the city's fire equipment would be less efficient until such time as adequate water mains are extended throughout the area, since the city's fire trucks are not equipped with the water tanks frequently needed in fighting rural fires, and it has no tanker trucks to bring in additional water.

The city's witnesses stated that the city would bring in water and sewer mains to service the area. Water, it is stated, would be brought in within one and one-half years, but the sewers would take at least five years. The area now depends on wells and septic tanks and it is not disputed that the water supply is adequate, even in drought years, and, although some residents find it necessary to treat the water to eliminate sulphur, many residents have good water without need of treatment. Other than the normal care requirements, residents appear to have no difficulties with their septic tanks. The evidence also discloses that the County of Saratoga has under study two plans to provide the entire county with water and sewers, with the sewer plan being most advanced. The sewer plan, if put into effect, would place the sewage treatment plant in the area sought to be annexed, and in so doing would make the area less desirable for residential construction.

On the record we find no benefit to be derived by the Town of Halfmoon if annexation became a fact. The town would lose approximately $415,103 in assessed valuation with a resulting tax increase to the remaining area of the town of at least $2 per thousand of assessed valuation, and would lose a prime area for industrial expansion, the annexed area having two State highways, a railroad, river frontage, and being within reasonable distance of the Northway, and also being in line with the north-south arterial proposed to be constructed from Albany to connect with the existing arterial in Mechanicville. Thus, annexation of this area by the city can only be considered detrimental to the town.

The immediate result of annexation to the area proposed to be annexed would be the increase of the tax burden on the landowners by a minimum of 50%, or about $70 per thousand of present assessed valuation. This figure assumes several factors such as the accuracy of cost figures for providing water, sewer, and other services; that the city's equipment for providing the services is adequate; and that the city will receive a 50% governmental grant for the construction of the water and sewer lines.

The record leaves the accuracy of these assumptions in considerable doubt as, for example, the city's expert in testifying as to the cost of installing the water system failed to give any specifics as to the type or size of pipe to be used, of the size of a required standpipe, and as to a required pumping station. Further, the tax increase figure does not include the cost of required laterals or the cost of bringing the city's sewage treatment plant up to the standards now required by the State, and

which it must shortly do. The town's expert gave more specifics, and testified to a more substantial cost of providing adequate water with a necessarily higher increase in taxes for the area to be annexed. In addition, while it was assumed that a 50% governmental grant for construction of sewer and water facilities would be available, this assumption is purely speculative as there is no guarantee that such a grant will be available when construction commences, such grants being dependent upon budgetary appropriations of the State and Federal Governments and the number of applications made, as well as other factors.

In addition, the area proposed to be annexed must expect higher taxes in the future, since the proposed budget submitted by the city does not include any items for payment of principal and interest on any bonded indebtedness for improvement of the sewage treatment plant, or for installation of the water and sewer facilities in the area to be annexed.

Considering all of the factors involved, it can hardly be said that any appreciable benefits will inure to the area sought to be annexed by annexation thereof to the city. It thus appears that if any benefit is to be derived by annexation, it will inure only to the City of Mechanicville, and the only benefit to be derived is an area for expansion and an increase in its tax base.

The report of the majority of the Referees indicates that survival of the city is an overriding consideration in their determination. Certainly annexation is intended as a means for a city to react to changing conditions, but not to aid a city at the expense of another area. Here, the petitioner did not even indicate why it needed an area twice its size in order to survive. Perhaps annexation should be approved when it is in the interest of the petitioner and neither of the other areas involved will be significantly injured. However, where there will be injury to one, and substantial tax cost to the other, benefit to the city should not be permitted at their expense.

Annexation cannot be considered as being in the over-all public interest where the only benefit to be derived is expansion room for the municipality seeking annexation while the annexed area and the area out of which it is to be carved, will be adversely affected. Here the burden was on the City of Mechanicville to establish that annexation would be in the over-all public interest and in our opinion the city has not met that burden.

Accordingly, the court adjudges and determines, on the law and the facts, that the annexation applied for is not in the over-all public interest. The application must be denied and the proceeding dismissed, without costs.

GIBSON, P. J., HERLIHY, AULISI and COOKE, JJ., concur.

Adjudged and determined, on the law and the facts, that the annexation applied for is not in the over-all public interest. Application denied and proceeding dismissed, without costs. Settle order.