*339 OPINION OF THE COURT
Gabrielli, J.
The court is presented with a controverted proposed annexation by a municipality of territory within an adjoining town. The Supervisor and Town Board of the Town of Bedford ask this court to overturn a judgment of the Appellate Division which determined that annexation by the Village of Mount Kisco of certain lands presently located in the town adjacent to the village border is in the over-all public interest (see General Municipal Law, § 712, subd 10). We decline this invitation, and affirm the judgment appealed from.
The village seeks to annex 224.2 acres located on its southeasterly border. The bulk of that land is owned by the intervenor, William Green, who also has options to purchase the remainder of the acreage. Green wishes to build a 350-unit luxury condominium complex on 40 acres; the rest of the land is to be conveyed to a conservation organization to be held in perpetuity as open space. On the basis of studies he made indicating that the various municipal and public services necessary for such a project could only be provided by the village, and not by what is essentially a rural town, Green sought to have the land annexed by the village pursuant to article 17 of the General Municipal Law. The village board of trustees determined that annexation was in the over-all public interest; the town board, however, found that it was not. The village then commenced this proceeding pursuant to section 712 of the General Municipal Law, seeking to overturn the decision of the town board.
In 1963 the Legislature, in its implementation of the provisions of the New York Constitution (art IX, § 1, subd [d]) relating to annexation of territory by local governments, adopted article 17 of the General Municipal Law. Section 712 of this article provides that the appropriate Appellate Division shall have the responsibility of determining whether a proposed annexation is in the over-all public interest. It is further required that upon receipt of the report of three referees designated by that court, it shall "after hearing oral argument on the report of the referees, make its own adjudication and determination, on the law and the facts, on all questions presented to the referees and substitute its judgment for that of any of the governing boards of the local governments as made in their respective determinations and enter its judgment on the issue of whether the annexation is in the over-all public interest” (General Municipal Law, § 712, subd 10).
*340 The Appellate Division designated three referees, all Justices of the Supreme Court as required by statute (General Municipal Law, § 712, subd 6), who conducted an exhaustive inquiry into the proposal. The record of that hearing, as well as the referees’ report itself, clearly show that the needs of the planned condominium complex are much more compatible with the substantially greater public services available in the village than with those more limited services provided by the town. Indeed, many of the public services which are available to town residents located near the village are apparently presently provided only by the village, at a somewhat higher rate than that charged to its own residents. After reviewing the entire situation, the referees declared that "[t]he development plan is excellent in concept. If it were carried out, it would provide an attractive, clustered residential community which would contribute substantial tax revenues to the village, the town and the school district, in excess of municipal costs. At the same time, it would set aside a sizable rustic land area as open space in perpetuity.” Although acknowledging that annexation would otherwise be in the public interest, nonetheless the referees reported against annexation, solely because of what they viewed as "the lack of any well-conceived plan for sewage disposal showing a reasonable expectancy of success.”
Upon receiving this report, the Appellate Division, rather than immediately exercising its power to determine whether annexation was in the over-all public interest, instead remitted the matter to the referees for reconsideration in light of intervening events. It appears that Green had originally hoped that the complex would be able to utilize the existing village sewage disposal system. For various reasons not pertinent to this appeal, it eventually became obvious that such was not to be. At that point, Green began to develop plans for a private sewage disposal system for the complex, but the referees were apparently not satisfied with the progress of those plans. They considered the proposals to be too speculative, and thus determined that annexation was not in the best interest of the public, for it would only be so if the condominium project were to become a reality. Shortly thereafter, however, Green obtained a pollutant discharge elimination system permit from the State Department of Environmental Conservation. The Appellate Division, before making its adju *341 dication, deemed it necessary to determine the effect of this permit on the project.
There then followed the second hearing before the referees. Two of the referees adhered to their original determination, stating that the sewage disposal plan was still too conjectural, and thus the project as a whole was too speculative to warrant annexation. The third, however, disagreed, concluding that there was no reason to believe that the condominium project would not be successfully completed were the village to annex the land. The Appellate Division, after considering the various reports and entertaining oral argument, determined that the project was not too speculative, denied the town’s motion to have the referees’ report confirmed, granted the application of the village and Green to annul the determination of the town board disapproving the proposed annnexation, and adjudged that the annexation is in the over-all public interest, concluding, inter alia, that the landowner could and would build a sewage treatment plant meeting all government standards. The town appeals from the judgment entered by the Appellate Division.
Initially, we would note that the town requests this court to undertake a complete review of the law and the facts. This we may not do. As we have already held in clear and unmistakable terms in Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon (27 NY2d 369), our power to review determinations of the Appellate Division made pursuant to article 17 of the General Municipal Law is quite circumscribed. The function of the Appellate Division in an annexation proceeding is an extraordinary one which does not fit neatly within the usual rubrics of judicial activity. It is more closely analogous to what is normally considered to be quasi-legislative activity, for it involves the resolution of conflicting policy determinations by two governmental entities. The statutory scheme quite distinctly places the responsibility for this determination solely upon the Appellate Division (see General Municipal Law, § 712, subd 10), and our powers of review are accordingly quite limited. As we have previously stated when presented with a challenge to an annexation determination, "so long as the Appellate Division acted pursuant to law its judgment may not be overturned. Any issues resolved by it remain invulnerable if there was any rational basis for its findings and conclusions” (Matter of City Council *342 of City of Mechanicville v Town Bd. of Town of Halfmoon, supra, pp 373-374).
 In the instant case, no patent error of law is suggested (cf. Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown, 32 NY2d 1). Rather, the town essentially argues that the Appellate Division incorrectly resolved the underlying question of law and fact it was called upon to consider: whether annexation is in the over-all public interest. In view of the limited scope of our review, we are required to affirm the judgment of the Appellate Division unless it is completely irrational, regardless of what we might have done were we free to address the question de novo. As it is, the initial referees’ report itself indicates that annexation would be in the public interest were it not for the uncertainty created by the sewer system dispute. The Appellate Division has concluded that in light of the issuance of the permit by the State for the system, whatever uncertainty previously might have existed has since been sufficiently obviated as to warrant a finding that annexation is in the over-all interest of the public. This decision is certainly not without any rational basis, and hence must be sustained.
Accordingly, the judgment appealed from should be affirmed, without costs.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Judgment affirmed.