■ In the Matter of the City of Ogdensburg, Petitioner, v Town of Oswegatchie, Respondent.—Application by the Town of Oswegatchie, pursuant to section 712 of the General Municipal Law, to confirm the report of the Referees and for a judgment that the proposed annexation to the City of Ogdensburg of certain territory in the Town of Oswegatchie is not in the over-all public interest, and for judgment that the proposed annexation is not in the over-all public interest; cross application by City of Ogdensburg for a judgment that the proposed annexation is in the over-all public interest. Pursuant to statute, the City of Ogdensburg filed a petition in which it seeks to annex 2.2 acres of land along its southerly border contained within the Town of Oswegatchie. This court, by order of reference made pursuant to section 712 of the General Municipal Law, designated Mr. Justice Robert A. Harlem, Acting Justice Ross Patane and Acting Justice Dan Lamont as Referees to hear and report thereon. Upon the conclusion of the hearing the Referees found that the proposed annexation was not in the

public interest. We concur with that finding. No real factual issues were presented. Luxury Living Incorporated was desirous of constructing a cocktail lounge on the property in question. Difficulties were encountered with respect to the availability of a potable water supply and for the disposition of sanitary sewage. As a result of contacts between the owner of the property and the City of Ogdensburg, the city agreed to provide these services on condition that the owner petition for annexation. This proceeding then commenced. The question to be decided is whether the proposed annexation is in the over-all public interest. Such determination entails focusing upon and weighing the benefit or detriment to the annexing municipality, to the territory proposed to be annexed and to the remaining governmental unit from which the territory would be taken (see *Matter of City of Saratoga Springs v Town of Greenfield,* 34 AD2d 364; *Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon,* 32 AD2d 152, affd 27 NY2d 369). The burden of establishing that the annexation is in the over-all public interest is with the municipality seeking it. The record shows that the area to be annexed is in fact a building lot on the southerly border of the town, designed and used for the sole purpose of a cocktail lounge. Nothing indicates that the lot would be put to any other use. The hearing disclosed that garbage service would not be affected by any annexation. Water and sewer services are already provided by the city pursuant to a private contract. The city provides snow removal for the area. Electric service would also remain unchanged. There will be no impact on the school district. The town has no zoning ordinance. The property, if annexed by the city, would be in a Business No. 2 area, with which zone it complies. The local assessed value of nonexempt taxable property within the town is $15,778,840, and that of the city, $30,904,588. The town values the property at $105,000 full value and $36,000 assessed value. Town real property taxes are $635.38. The city values the property at $98,356 and would assess it at $41,748. City taxes would be $1,836.91. The difference in taxes would be offset by the $1,000 a year the property owner now pays under the private water and sewage contract with the city. The annexation would have no effect on population. The only other political entity to be affected would be the Heuvelton Fire District. The town fire service is some seven miles away from the property, as opposed to 1.3 miles distance for the city fire department source. Mutual fire assistance between the two governments make the difference in service insignificant. City police service has a much shorter response time, that is, five minutes, as opposed to the town service response of up to one hour. The city service is of significant value to the property, especially in view of the nature of the business located thereon. The property lies on the southerly border of the town on Fine Street. Its annexation would give the town an uneven border. The property would be the only lot on the southerly side of Fine Street lying within the city. Considering all the factors, we conclude that the public interest would not be served by the annexation. Neither municipality would benefit. The distortion of the city and town border would not promote orderly development. Notwithstanding some benefits to the property owner from city water, sewage, fire and police service, these advantages do not justify an annexation. Application granted and cross-application denied; it is adjudged that the proposed annexation is not in the over-all public interest, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.