(March 12, 1981)

■ In the Matter of TOWN OF LANSING, Petitioner, v VILLAGE OF LANSING, Respondent, et al., Intervenors. (And Two Related Proceedings.) — Application by the Town of Lansing, pursuant to section 712 of the Municipal Annexation Law (General Municipal Law, art 17), to reject the report of Referees and for judgment that the proposed annexation to the Town of Lansing of certain territory in the Village of Lansing is in the over-all public interest; cross application by the Village of Lansing for confirmation of the report of Referees and for judgment that the proposed annexation is not in the over-all public interest. This controversy arose out of the proposed annexation· of certain lands presently part of the Village of Lansing in Tompkins County, by the Town of Lansing. The village was incorporated in 1974 out of territory coterminous with the former Town of Lansing Water District No. 1. The primary reason for incorporating the village was to prevent continued haphazard commercial and residential development which had been plaguing certain sections of the town. The village enacted strict zoning ordinances to regulate future commercial and residential growth within its geographical limits. In 1977, the town commenced two separate annexation proceedings, Petition No. 1 and Petition No. 2, seeking to reacquire various portions of the village's land. In an apparent compromise attempt, the village commenced its own proceeding, Petition No. 3, whereby it proposed to have the town annex a portion of the land described in Petition No. 1. Following public hearings, the town approved Petitions Nos. 1 and 2, but rejected Petition No. 3, and the village approved Petition No. 3, but rejected the other two. This court, pursuant to section 712 of the General Municipal Law, designated three Referees to preside over a trial of the proposed annexations. The Referees, in a comprehensive report, unanimously concluded that the proposed annexations were not in the over-all public interest. By the instant application, the town seeks to have the Referees' report rejected whereas the village, by cross application, seeks to have it confirmed. We hold that the report should be confirmed in its entirety. Annexation of municipal territory is to be approved only if found to be in the over-all public interest. In determining whether a proposed annexation is in the over-all public interest, the focus is on such matters as the benefit and detriment to the annexing municipality, to the territory to be annexed and to the municipality from which the annexed territory would be taken *(Matter of City of Saratoga Springs v Town of Greenfield,* 34 AD2d 364, mot for lv to app den 28 NY2d 482; *Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon,* 32 AD2d 152, affd 27 NY2d 369). Benefit and detriment are customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education. The municipality seeking annexation carries the burden of proving that annexation is in the over-all public interest *(Matter of City of Ogdensburg v Town of Oswegatchie,* 76 AD2d 1012, mot for lv to app den 51 NY2d 706). Evidence offered on behalf of the town to justify annexation consists primarily of citizens' support in the area proposed to be annexed and in the fact that the lands to be annexed are rural in character and, therefore, compatible in purpose with the town's adjacent property. On the other hand, the village offers considerable evidence that annexation would confer no benefit on either party, aside from the town's geographical aggrandizement. It also appears that detriment

would accrue to both the village and the territory to be annexed if the court were to rule favorably on the subject petitions. With respect to the lack of any benefit stemming from the proposed annexations, it is noteworthy that the parties entered into a stipulation on the record that the proposed annexations are not necessary to provide any municipal services within any of the territories to be annexed. And with regard to whether detriment will be incurred if annexation is approved, there is evidence the village will suffer a setback in the financing of a sewer project which it has undertaken with adjacent towns and villages. Moreover, as the territory to be annexed is primarily comprised of undeveloped land, future village growth would be severely hampered by annexation. The territory proposed to be annexed would also suffer detriment in the form of high development density, unplanned mixed use development and increased traffic congestion, all because of the town's less restrictive zoning ordinance. Several townspeople favoring the annexation proposed in Petition No. 1 urged that the village's institution of Petition No. 3 and its consent to annexation of the territory described therein, combined with the town's consent to annex territory described in Petition No. 1 which includes the very same territory described in Petition No. 3, but as part of a much larger tract, constitute a conclusive mutual agreement to annex the territory in Petition No. 3. However, that position is contrary to the position which was adopted and actually litigated by the parties. The town board specifically rejected the proposed annexation contained in Petition No. 3 and the village board specifically rejected the proposed annexation contained in Petitions. Nos. 1 and 2. For whatever reason, procedural strategy or otherwise, the town never determined that it was in its best interest to accept *only* the territory included in Petition No. 3. The finding by the town that it was in the over-all public interest to annex the territory contained in Petition No. 1, which included the territory contained in Petition No. 3, did not constitute a finding by the town that it was in the over-all public interest to annex *only* the territory covered by Petition No. 3, a finding which the town specifically rejected. Since none of the petitions were found by the Referees to be in the over-all public interest, it matters not that the village, which earlier found Petition No. 3 to be in the over-all public interest, now adopts the contrary view reached by the Referees. Application denied and cross application granted; it is adjudged that the proposed annexation is not in the over-all public interest, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.