■ In the Matter of VILLAGE OF SKANEATELES, Petitioner, and FRANCIS E. SHEEHAN, Intervenor, v TOWN OF SKANEATELES, Respondent.—Report of Referees annulled, without costs, and judgment granted in favor of respondent adjudging that the annexation is not in the over-all public interest. Memorandum: For the reasons stated in the report of the dissenting Referee, Honorable John F. Lawton, J.S.C., we find that the annexation would not be in the over-all public interest. As noted in the dissent, the sole reason that the village and the intervening property owner seek annexation is to avoid the restrictive effect of the town zoning ordinance on the 2.852 acres of intervenor's property situated in the town by removing the 2.852 acres from the town and adding it to the territory of the village where the zoning ordinance is favorable. The town ordinance was duly enacted, and no question is raised as to its validity or constitutionality. We have found no precedent approving the use of annexation as a device by which the owner of land in one municipality may escape the effect of that municipality's local legislation by having the land transferred to an adjoining municipality.

All concur, except Doerr, J., who dissents and votes to confirm the report in the following memorandum.

Doerr, J. (dissenting). I respectfully disagree. It is well settled that the burden of proof that annexation is in the over-all public interest (General Municipal Law § 705 [1] [e]) is on the municipality seeking the annexation (Matter of Town of Lansing v Village of Lansing, 80 AD2d 942; Matter of City of Ogdensburg v Town of Oswegatchie, 76 AD2d 1012, 1013, lv denied 51 NY2d 706). Testimony adduced at trial supported the conclusion that the village and the parcel to be annexed have sufficiently similar qualities to be considered interrelated, which supports the finding that they have the requisite

unity of purpose and facilities to constitute a community *(Matter of Common Council v Town Bd.,* 32 NY2d 1, 6). The record further demonstrates that the portion of the town where this two-plus-acre parcel of land is located does not fit the rural ideal that the town envisions, but is already commercially developed with gas stations, an automobile dealership and a boat yard.

In my view, in support of the majority report of the Referees, the trial testimony disclosed that in 1983 the village constructed a waste water treatment plant that cost approximately $1.5 million, of which it bore approximately 10% of the cost. Obviously, annexation of the town parcel would expand the village tax base and help pay for the waste water treatment plant. While the net increase of tax revenues on the subject parcel might not be great, it is a benefit and should be considered *(Town Bd. v City Council,* 59 AD2d 1041, 1042).

To this issue the town argues that annexation is not necessary for water and sewers to be provided to the town parcel by the village because the town could create a sewer district to provide for these services utilizing the village waste water treatment plant. However, the Town Supervisor testified that no new districts had been created since the village treatment plant commenced operation, and feasibility studies concerning the creation of sewer districts were just beginning. Clearly, the town has not reached the stage where these services could be provided immediately *(see, City of Batavia v Town of Batavia,* 45 AD2d 203, *lv denied* 35 NY2d 644), nor was it indicated that such services would be available by the town within the reasonably foreseeable future. The evidence further developed that if a town sewer district was, in fact, formed at some future date to service the subject property, the town would be required to reimburse the village for a pro rata share of the capital cost of the water treatment plant, but under annexation the village would not recover capital costs. The benefit to the town is apparent, especially since increased tax revenues on the subject property would not enure only to the village, as above mentioned, but also to the town.

I agree with the majority finding of the Referees that the village has exercised a high degree of responsibility in constructing a new sewage treatment plant and providing the service to the town. The town has a concomitant obligation to encourage development to help pay for these services. By adopting a low-density zoning requirement the town discourages development in the subject area. Only one residence

could be built on the subject property under the town zoning plan and it is questionable whether any building would take place thereon since the plot is landlocked. I fail to see how the annexation of this relatively insignificant parcel of land would work as a detriment to the over-all town zoning plan, which covers an area of almost 40 square miles.

Reviewing this record as a whole, it becomes readily apparent that a major objection of the town in opposing this annexation is the concern that, if annexation is allowed here, it will encourage others who own land similarly situated to intervenor's property to file petitions seeking annexation and that the village, greedy for the increased tax revenues which would help pay for its expensive sewage treatment plant, would be inclined to grant such applications. This argument rests solely on speculation and has nothing to do with the over-all public interest. Each annexation petition must be considered on its own merits. (Original proceeding pursuant to General Municipal Law § 712.) Present—Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.