■ In the Matter of Board of Trustees of the Village of Pomona, Petitioner, v Town of Ramapo et al., Respondents. (Proceeding No. 1.) In the Matter of Board of Trustees of the Village of Pomona, Petitioner, v Town of Haverstraw et al., Respondents. (Proceeding No. 2.)—Two proceedings

pursuant to General Municipal Law § 712 for annexation of certain territory in the Towns of Haverstraw and Ramapo by the Village of Pomona and to determine whether the annexations are in the over-all public interest. This court, by orders dated December 14, 1987, and February 16, 1988, respectively, designated John R. King, Howard Miller, and Frank Bowers, as Referees to hear and report their findings of fact and conclusions of law. Upon the consent of the parties Aaron Klein was substituted for Howard Miller. The Referees have complied with this court's orders, issuing a unanimous report, dated May 3, 1990, finding that the annexations are not in the over-all public interest and recommending the denial of annexation. The petitioner moves in both proceedings, *inter alia,* to disaffirm the Referees' report. The respondents in both proceedings cross-move to confirm the Referees' report.

Ordered that the motion is denied; and it is further,

Ordered that the cross motion is granted; and it is further,

Adjudged that the report of the Referees is confirmed, without costs or disbursements, and it is adjudged that the proposed annexations are not in the over-all public interest.

The petitioner, Village of Pomona, commenced two separate annexation proceedings seeking to annex approximately 166.8 acres of land, 87.5 of which lie within the Town of Haverstraw and 79.3 of which lie within the Town of Ramapo. Pursuant to General Municipal Law § 712 this court designated three Referees to hear and report upon the issue of whether the proposed annexations are in the over-all public interest. After a hearing, the Referees unanimously concluded that the proposed annexation was not in the public interest. We concur with that finding.

To determine whether a proposed annexation is in the over-all public interest, the court must weigh the benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the remaining governmental units from which the territory would be taken *(see, Matter of City of Saratoga Springs v Town of Greenfield,* 34 AD2d 364; *Matter of City Council v Town Bd.,* 32 AD2d 152, *affd* 27 NY2d 369). The burden of establishing that the annexation is in the over-all public interest is on the municipality seeking annexation *(Matter of City of Ogdensburg v Town of Oswegatchie,* 76 AD2d 1012). In addition, under General Municipal Law § 712, this court has a duty to make its own adjudication and determination, after reviewing the Referees' report and the record, and after hearing oral argument. "While the report of the Refer-

ees is not binding on this court * * * their recommendations are entitled to great weight" *(Matter of Common Council v Town Bd.,* 30 AD2d 577, 578).

Most of the evidence adduced at the hearing concerned a 52-acre plot within the proposed annexation territory, straddling the Towns of Haverstraw and Ramapo, which is partially a disused sand and gravel mine and partially wetlands. The Towns presented evidence that they would permit development of this parcel as a 250,000-square foot community shopping center, which would significantly increase the land's assessed value and would generate substantial real estate and sales tax revenues for the Towns, the local school districts, and the County. It would also increase local employment opportunities. In contrast, the Village could not specify what, if anything, it intended to do with this or any of the other parcels it is seeking to annex, with the result that it has not carried its burden of establishing that proposed annexation would be in the overall public interest *(cf., City of Auburn v Town of Sennett,* 79 AD2d 1105).

We note that there are other considerations which do not favor annexation. For example, the Towns produced evidence that commercial development was consistent with the character of the area as it had evolved, and for which it is currently zoned, while the Village, which permits only residential development, would acquire a parcel of land which is concededly unsuitable for residential development. Indeed, the Village's master plan expressly disavows the need for, as well as the desirability of, any commercial facilities within its boundaries, with the result that there is no "unity of purpose" between the Village and the territory it wishes to annex *(Matter of Common Council v Town Bd.,* 32 NY2d 1, 6). In addition, the annexation would result in an unnatural boundary, in that approximately a 68-acre portion of the Town of Haverstraw would be completely encircled by the Village of Pomona *(Matter of Common Council v Town Bd.,* 29 AD2d 561). Annexation would not benefit the subject parcels with regard to municipal services, as the Towns currently supply these to both the Village and the annexation territory, and would continue to do so were annexation to occur *(cf., Matter of Town of Lansing v Village of Lansing,* 80 AD2d 942). Finally, the Village may not use annexation to subvert the development of an adjoining municipality's property pursuant to a lawfully enacted zoning ordinance *(cf., Matter of Village of Skaneateles v Town of Skaneateles,* 115 AD2d 282).

We have examined the Village's remaining contentions and

find them to be without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.