In the Matter of COMMON COUNCIL OF CITY OF FULTON, Petitioner, v TOWN BOARD OF TOWN OF VOLNEY, Respondent. [645 NYS2d 180] —Motion for judgment incorporating stipulation of settlement and determining the proposed annexation to be in the over-all public interest denied. Memorandum: Petitioner commenced this proceeding pursuant to General Municipal Law § 712, seeking a determination that a proposed annexation is in the over-all public interest. The matter was referred to three Referees (*see,* General Municipal Law § 712 [6]), who duly held a hearing. After the hearing, the parties reached a settlement, which has been recommended by the Referees. The parties move for a judgment incorporating the stipulation of

settlement and determining that the proposed annexation is in the over-all public interest.

The motion must be denied. The function of the Appellate Division in an annexation proceeding is an extraordinary one that requires an independent adjudication and determination, on the law and the facts, of the issues raised (*see,* General Municipal Law § 712 [10]; *Mayor of Vil. of Mount Kisco v Supervisors of Town of Bedford,* 45 NY2d 335, 341; *Matter of City Council v Town Bd.,* 27 NY2d 369). Before such an adjudication and determination can be made, the report of the Referees, including their findings of fact and conclusions of law, and the transcript of the hearing before the Referees must be considered (*see,* General Municipal Law § 712 [9], [10]). A judgment that a proposed annexation is in the over-all public interest can be made only after the court has had the opportunity to review all the relevant facts (*see, Matter of Board of Trustees v Town of Ramapo,* 171 AD2d 861). A determination that a proposed annexation is in the over-all public interest does not satisfy General Municipal Law § 712 if it is based solely on the stipulation of the parties that a proposed annexation is in the over-all public interest and that a settlement to that effect has been reached. Present—Green, J. P., Pine, Fallon, Wesley and Boehm, JJ.