■ In the Matter of BOARD OF TRUSTEES OF THE VILLAGE OF WARWICK, Petitioner, v TOWN BOARD OF THE TOWN OF WARWICK, Respondent. [663 NYS2d 297] —Proceeding pursuant to General Municipal Law § 712 for annexation of certain territory in the Town of Warwick by the Village of Warwick and to determine whether the annexation is in the over-all public interest. This Court, by order dated May 12, 1994, designated the Honorable Isaac Rubin, the Honorable Stanley Harwood, and the Honorable Joseph Kunzeman, as Referees to hear and report their findings of fact and conclusions of law. The Referees have complied with this Court's order, issuing a unanimous report, dated October 25, 1996, finding that the annexation is in the over-all public interest and recommending approving the annexation. The petitioner moves to confirm the Referees' report and the respondent cross-moves, *inter alia*, to disaffirm the Referees' report.

Ordered that the motion is granted; and it is further,

Ordered that the cross motion is denied; and it is further,

Adjudged that the report of the Referees is confirmed, without costs or disbursements, and it is adjudged that the proposed annexation is in the over-all public interest.

The petitioner Board of Trustees of the Village of Warwick

(hereinafter the Village), commenced annexation proceedings seeking to annex approximately 10.2 acres of land which lie within the Town of Warwick. Pursuant to General Municipal Law § 712 this Court designated three Referees to hear and report upon the issue of whether the proposed annexation is in the over-all public interest. After a hearing, the Referees unanimously concluded that the proposed annexation is in the public interest. We concur with that finding.

To determine whether a proposed annexation is in the over-all public interest, the court must weigh the benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the governmental units from which the territory would be taken (*see, Matter of Board of Trustees v Town of Ramapo*, 171 AD2d 861, 862; *Matter of City of Saratoga Springs v Town of Greenfield*, 34 AD2d 364). The burden of establishing that the annexation is in the over-all public interest is on the municipality seeking annexation (*see, Matter of Board of Trustees v Town of Ramapo, supra*, at 862; *Matter of City of Ogdensburg v Town of Oswegatchie*, 76 AD2d 1012). In addition, under General Municipal Law § 712, this Court has a duty to make its own adjudication and determination, after reviewing the Referees' report and the record, and after hearing oral argument (General Municipal Law § 712). " 'While the report of the Referees is not binding on this court * * * their recommendations are entitled to great weight' " (*Matter of Board of Trustees v Town of Ramapo, supra*, at 862-863, quoting *Matter of Common Council v Town Bd.*, 30 AD2d 577, 578).

Applying these principles to the case at bar it can readily be seen that the public interest will be served by the annexation of this 10.2 acre parcel, which is currently undeveloped pastureland, abutting, in part, other commercial development within the Village. The Village presented evidence that it favors permitting, after review, the development of the parcel as a shopping center, which would significantly increase the land's assessed value and would generate substantial real estate revenue for the Village, the local school district, and the Town of Warwick (hereinafter the Town). The development would also significantly increase local employment opportunities and would provide the Village with greatly needed and desired services. In contrast, the Town has no plans for the development of this property, nor, if development were proposed, would the Town be ready to provide the services and infrastructure that the Village is ready and able to provide, including both sewer and water service.

Further, the Village produced evidence that commercial

development was consistent, at least in part, with the character of the area as it has evolved, with the result that there is a "unity of purpose" between the Village and the territory it wishes to annex (*Matter of Board of Trustees v Town of Ramapo, supra*, at 863; *Matter of Common Council v Town Bd.*, 32 NY2d 1, 6).

We have examined the Town's remaining contentions and find them to be without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.