◼ In the Matter of BOARD OF TRUSTEES, VILLAGE OF SPRING VALLEY, Petitioner, v TOWN OF RAMAPO et al., Respondents. YESHIVATH KEHILATH YAKOV OF MONSEY, INC., Intervenor. [694 NYS2d 712] —Proceeding pursuant to General Municipal Law § 712 for annexation of certain territory in the Town of Ramapo by the Village of Spring Valley and to determine whether the annexation is in the overall public interest. This Court, by order dated March 28, 1997, designated the Honorable Isaac Rubin, the Honorable Harold Wood, and the Honorable Guy Parisi, as Referees to hear and report their findings of fact and conclusions of law. The Referees have complied with this Court's order, issuing a majority report, dated September 18, 1998 (Referees Rubin and Parisi), finding that the annexation is in the overall public interest and recommending approving the annexation, and a minority report dated September 30, 1998 (Referee Wood), finding that the annexation is not in the overall public interest and recommending disapproving the annexation. The petitioner moves to confirm the majority report and the respondent cross-moves to disaffirm the majority report.

Ordered that the motion is denied; and it is further,

Ordered that the cross motion is granted; and it is further,

Adjudged that the minority report of Referee Wood is confirmed, without costs or disbursements, and it is adjudged that the proposed annexation is not in the overall public interest.

The petitioner Board of Trustees of the Village of Spring Valley (hereinafter the Village), commenced annexation proceedings seeking to annex approximately 12 acres of land which lie within the Town of Ramapo (hereinafter the Town). The property sought to be annexed was a portion of an 18-acre "island" of territory belonging to the Town which is entirely surrounded by territory belonging to the Village. The owner of the remaining six-acre parcel did not join in this proceeding.

The subject property is presently zoned R-15 by the Town, which allows, *inter alia,* for single-family, detached residences on lots of 15,000 square feet and single-family, semi-detached residences on lots of 10,000 square feet. The intervenor, Yeshivath Kehilath Yakov of Monsey, Inc., the owner of the subject property, wants to develop eight acres of the 12-acre parcel by constructing approximately 110 attached, five-bedroom residences, which would not currently be permitted in the Town's R-15 zone. The intervenor never applied to the Town for rezoning of the parcel or a variance to accommodate the use it intends. The Village, in anticipation of annexation, has enacted an R-5 zone which would permit the development of the type of housing the intervenor seeks. The Village has never before had such a zoning designation, which is not consistent with the land use of those portions of either the Village or the Town that adjoin the subject parcel. Moreover, as of the date of this proceeding, no application had been made for development under that zone.

The burden of establishing that an annexation is in the overall public interest is on the municipality seeking the annexation (*see, Matter of Board of Trustees v Town Bd.,* 244 AD2d 332). To determine whether a proposed annexation is in the overall public interest, the court must weigh the benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the governmental unit from which the territory would be taken (*see, Matter of Board of Trustees v Town of Ramapo,* 171 AD2d 861).

Applying those principles to the case at bar, the annexation is not in the overall public interest. Annexation may not be used as a means by which the owner of land in one municipality may escape the effect of that municipality's local legislation by having the land transferred to an adjoining municipality (*Matter of Village of Skaneateles v Town of Skaneateles,* 115

AD2d 282). Here, no evidence was presented indicating that the land cannot be developed as currently zoned. Additionally, the Town Assessor testified that the Town would benefit financially if the property was developed without annexation, but would lose revenue if it is developed under Village jurisdiction following the proposed annexation. Moreover, the area surrounding the subject parcel contains single-family and two-family detached residences which would conflict with the intended R-5 use. The Village may not use annexation as a device to avoid the duly-enacted and constitutionally-valid zoning ordinance of the Town. Finally, the proposed annexation does not include the remaining six acres of the entire parcel, thus inviting further repetitive annexation litigation.

The Village's remaining contentions are without merit. Thompson, J. P., Feuerstein and Smith, JJ., concur.

Altman, J., dissents and votes to grant the motion, deny the cross motion, and confirm the majority report recommending annexation, with the following memorandum: I conclude that the petitioner has met its burden of proving that the proposed annexation is in the overall public interest and therefore would confirm the majority report of the Referees.

The benefits to the Village of Spring Valley (hereinafter the Village), the Town of Ramapo (hereinafter the Town), and the 12-acre parcel proposed to be annexed outweigh any detriment. Both the Town and the Village, as well as the East Ramapo Central School District (hereinafter the School District), would benefit economically from the annexation. At present, the property, owned by a not-for-profit religious corporation and used for educational purposes, is tax-exempt. Although sewer district taxes are paid, the Town, the Village, and the School District receive no tax revenues. Development of the property under Village zoning would maximize the aggregate tax revenue for the Town, Village, and the School District (*see, Matter of Board of Trustees v Town Bd.,* 244 AD2d 332). While the Town itself would receive greater tax revenues if the property were developed under its zoning laws, the School District would receive substantially less revenue and the Village would obtain no tax revenues. The provision of municipal services will be essentially unaffected by the proposed annexation.

The annexation of the parcel would also substantially eliminate the existence of an island of Town property completely surrounded by Village property. Such "baroque" boundaries are not favored (*Common Council v Town Bd.,* 143 AD2d 215; *Matter of Board of Trustees v Town Bd.,* 56 AD2d 928; *Matter of Common Council v Town Bd.,* 29 AD2d 561). Although an

additional six-acre parcel of Town property would still remain, it appears likely that an application to annex that property would be made. The fact that annexation might occur in a piecemeal fashion does not, under the circumstances, suggest that annexation is not in the public interest. The remaining similarly-situated parcel is much smaller in size and its existence in no way minimizes the advantages to annexation of the parcel herein. In any event, successive applications for annexation, even of the same parcel of property, are not precluded (*see,* General Municipal Law § 712 [12]).

The parcel which is proposed to be annexed and the Village also have the requisite unity of purpose to constitute a community (*see, Matter of Common Council v Town Bd.,* 32 NY2d 1, 6; *Matter of Village of Elmsford v Town of Greenburgh,* 164 AD2d 914, 916). As indicated, annexation would join the property to the surrounding Village. Further, residential development of the parcel is consistent with the surrounding area (*see, Matter of Board of Trustees v Town Bd., supra,* 244 AD2d, at 333-334). In addition, the opportunity afforded by the proposed annexation to develop the property with multibedroom homes would satisfy the needs of a growing segment of the population in the community. While the property could be developed residentially under existing Town zoning laws, the permissible construction would not meet such community needs. Unquestionably, annexation would permit the property owner to take advantage of the Village's less restrictive zoning laws. However, the numerous additional benefits—maximum aggregate tax revenues, the eventual elimination of an unnatural boundary, and the creation of housing for a growing segment of the community—distinguish this case from *Matter of Village of Skaneateles v Town of Skaneateles* (115 AD2d 282), relied upon by my colleagues in the majority.