■ In the Matter of BOARD OF TRUSTEES OF THE VILLAGE OF SPRING VALLEY, Petitioner, v TOWN OF CLARKSTOWN et al., Respondents. [738 NYS2d 699] —Proceeding pursuant to General Municipal Law § 712 for annexation of certain territory in the Town of Clarkstown by the Village of Spring Valley and to determine whether the annexation is in the overall public interest. This Court, by orders dated January 27, 1999, October 8, 1999 and February 18, 2000, respectively, designated the Honorable Matthew Coppola, Kevin J. Plunkett, Esq., and Guy Parisi, Esq., as Referees to hear and report their findings of fact and conclusions of law. The Referees have complied with this Court's order, issuing a report dated February 9, 2001, finding that the annexation is in the overall public interest and recommending approval of the annexation. The petitioner moves to confirm the Referees' report and the respondents cross-move to disaffirm the report.

Ordered that the motion is granted; and it is further,

Ordered that the cross motion is denied; and it is further,

Adjudged that Referees' report is confirmed, without costs or disbursements, and it is adjudged that the proposed annexation is in the overall public interest.

The petitioner Board of Trustees of the Village of Spring Valley (hereinafter the Village), commenced this proceeding seeking to annex approximately five acres of land lying within the Town of Clarkstown (hereinafter the Town).

The subject property is presently zoned R-10 by the Town, which allows for single-family residences on lots of 10,000 square feet and two-family residences on lots of 15,000 square feet. The owners of the subject property want to develop approximately 50 to 60 multifamily houses, which would not be

permitted in the Town's R-10 zone. Directly north and west of the territory, there is a large medium density residential area zoned R2 in the Village. In 1992 the owners applied to the Town for a zoning change, seeking an RG-2 or MF-2 zoning designation, which would permit more density in the form of multi-family housing. Such a designation would have permitted the construction of approximately 50 to 60 houses. The Town denied the zoning change.

The municipality seeking the annexation carries the burden of proving that annexation is in the overall public interest (*see, Matter of Board of Trustees, Vil. of Spring Val. v Town of Ramapo,* 264 AD2d 519). To determine whether a proposed annexation is in the overall public interest, the court must weigh the benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the remaining donor governmental unit from which the territory is taken (*see generally, Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon,* 32 AD2d 152, 153, *affd* 27 NY2d 369).

Applying these principles to this case, we find that the Village has met its burden of proving that the annexation is in the overall public interest. The benefits to the Village, the Town, and the five-acre parcel proposed to be annexed outweigh any detriment. Both the Town and the Village would benefit economically from the annexation. Development of the property under Village zoning would maximize the aggregate tax revenue for the Town and the Village (*see, Matter of Board of Trustees of Vil. of Warwick v Town Bd. of Town of Warwick,* 244 AD2d 332, 333). While the Town would still receive tax revenues if the property remained undeveloped, the Village would obtain no tax revenues. Further, municipal services to the subject property would be practically unaffected by the proposed annexation.

The subject property to be annexed has the requisite unity of purposes to constitute a community (*see, Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 32 NY2d 1, 6). The annexation would join the property to the bordering Village and the proposed multifamily development of the property is consistent with the surrounding area (*see, Matter of Board of Trustees of Vil. of Warwick v Town Bd. of Town of Warwick, supra* at 333-334). Furthermore, the opportunity provided by the proposed annexation to develop the property with affordable multifamily houses would satisfy the needs of a growing segment of the population in the community. Although the property could be developed under existing Town zoning laws, the permissible construction would not satisfy such community needs.

The respondents' remaining contentions are without merit. Prudenti, P.J., Luciano, Townes and Crane, JJ., concur.