In the Matter of VILLAGE OF HARRIMAN, Petitioner, v TOWN OF MONROE, Respondent. [839 NYS2d 221]—

Proceeding pursuant to General Municipal Law § 712 for annexation of certain territory in the Town of Monroe by the Vil-

lage of Harriman and to determine whether the annexation is in the overall public interest. This Court, by order dated March 12, 2004, designated the Honorable Andrew O'Rourke, the Honorable Louis C. Palella, and Nancy Jo Hughes, Esq., as Referees to hear and report their findings of fact and conclusions of law. The Referees have complied with this Court's order, issuing a unanimous report dated November 16, 2006, finding that the annexation is in the overall public interest and recommending approval of the annexation, "subject to a reverted interest in the Town in the event that a senior housing development is not constructed on the subject property, within five years from the date the judgment in this proceeding becomes final and binding on the parties, unless the Town and Village agree otherwise." The petitioner moves to confirm the Referees' report and the respondent cross-moves to disaffirm the report.

Ordered that the motion is granted; and it is further,

Ordered that the cross motion is denied; and it is further,

Adjudged that the Referees' report is confirmed, without costs or disbursements, and it is adjudged that the proposed annexation is in the overall public interest.

The petitioner Village of Harriman commenced this proceeding seeking to annex approximately 8.5 acres of land lying within the Town of Monroe.

The subject property is located in a Town zoning district designated "general business," in which commercial uses are permitted and residential uses are prohibited. The owner of the subject property wants to develop approximately 189 residential apartments designated as senior citizen housing, which would not be permitted in the Town's general business zone. The developer also owns a vacant unimproved lot of approximately 3.3 acres located in the Village which adjoins the westerly boundary line of the subject property. Although the developer's parcel located in the Village is in an R-100 zoning district, in which the only residential use permitted is single family homes not to exceed one dwelling unit per lot, the Board of Trustees of the Village expressed an interest in creating a "floating" or "overlay" zone to facilitate development of land within the Village as senior citizen housing. The developer submitted petitions to the Town and the Village for annexation of the subject property from the Town to the Village. The Town rejected the petition. The Village granted the petition and commenced this proceeding against the Town pursuant to General Municipal Law § 712.

The municipality seeking the annexation carries the burden

of proving that annexation is in the overall public interest (*see Matter of Board of Trustees of Vil. of Spring Val. v Town of Clarkstown*, 292 AD2d 450 [2002]; *Matter of Board of Trustees, Vil. of Spring Val. v Town of Ramapo*, 264 AD2d 519 [1999]). In order to determine whether the proposed annexation is in the overall public interest, the court must weigh the benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the remaining donor governmental unit from which the territory is taken (*see Matter of Board of Trustees of Vil. of Spring Val. v Town of Clarkstown, supra*; *Matter of Board of Trustees, Vil. of Spring Val. v Town of Ramapo, supra*; *Matter of Board of Trustees of Vil. of Pomona v Town of Ramapo*, 171 AD2d 861, 862 [1991]).

Applying these principles to this case, the Village has met its burden of proving that the annexation is in the overall public interest. There is an undisputed need for senior citizen housing in the area, and the development of such housing would be an undeniable benefit to both the Town and the Village. Municipal services to the property would remain largely unaffected by the proposed annexation.

The Town raised a legitimate concern with respect to its goal of increasing commercial tax ratables within the Town, and contended that the development of the property as senior citizen housing would conflict with that goal. However, the Village presented evidence that development of the subject property for commercial use, in compliance with the Town's code, while possible, was not economically practical or commercially viable in light of the challenges that the topography of the property and an easement across the property would bring to commercial development. There has been little if any interest in developing the subject property for commercial use, and it has remained an unoccupied vacant lot for over 50 years. Further, and, in any event, the record demonstrates that the potential commercial tax ratables that the subject property could generate, even if it were commercially developed, would be a small amount compared to those that are and will be generated by the Town's 100-acre business park, which continues to expand commercially. Therefore, the Town's concern for the loss of commercial tax ratables for the subject property is outweighed by the benefit that will inure to the community from much-needed senior citizen housing (*see Matter of Board of Trustees of Vil. of Spring Val. v Town of Clarkstown, supra*). Schmidt, J.P., Goldstein, Covello and Dickerson, JJ., concur.