Matter of Town of Union Vale v Town of Beekman (2023 NY Slip Op 04670)

Matter of Town of Union Vale v Town of Beekman

2023 NY Slip Op 04670

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2021-02065 DECISION, ORDER & JUDGMENT

[*1]In the Matter of Town of Union Vale, petitioner,
v
Town of Beekman, respondent.

Van DeWater and Van DeWater, LLP, Poughkeepsie, NY (James E. Nelson of counsel), for petitioner.
Wallace & Wallace, LLP, Poughkeepsie, NY (Paul Ackerman of counsel), for respondent.

Proceeding pursuant to General Municipal Law § 712 for annexation of certain territory in the Town of Beekman by the Town of Union Vale and to determine whether the annexation is in the overall public interest. This Court, by decision and order on motion dated February 18, 2022, designated the Honorable Peter B. Skelos, the Honorable Sandra L. Sgroi, and the Honorable Jeffrey A. Cohen, as Referees to hear and report their findings of fact and conclusions of law. The Referees held a hearing and issued a unanimous report dated November 28, 2022, finding that the annexation is not in the overall public interest and recommending denial of the annexation. The petitioner moves to disaffirm the Referees' report and the respondent cross-moves to confirm the report.
ORDERED that the motion is denied; and it is further,
ORDERED that the cross-motion is granted; and it is further,
ADJUDGED that the Referees' report is confirmed, without costs or disbursements, and it is adjudged that the proposed annexation is not in the overall public interest.
The Town of Union Vale commenced this proceeding pursuant to General Municipal Law § 712 seeking to annex approximately 77 acres of real property, largely vacant land, lying within the Town of Beekman. The property is owned by the Town of Union Vale, and comprises part of a public park.
A municipality seeking an annexation carries the burden of proving that annexation is in the overall public interest (see Matter of Village of Harriman v Town of Monroe, 42 AD3d 463, 464-465; Matter of Board of Trustees of Vil. of Spring Val. v Town of Clarkstown, 292 AD2d 450, 451). In order to determine whether a proposed annexation is in the overall public interest, the court must weigh the benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the remaining donor governmental unit from which the territory is taken (see Matter of Village of Harriman v Town of Monroe, 42 AD3d at 465; Matter of Board of Trustees of Vil. of Spring Val. v Town of Clarkstown, 292 AD3d at 451).
Here, the petitioner did not meet its burden of showing that the annexation is in the [*2]overall public interest. Contrary to its contention, the petitioner did not show, among other things, that unified government of the park encompassing the subject territory would benefit the public or provide significant public safety benefits, nor did it show that annexation is necessary to resolve a taxation dispute (see Matter of Board of Trustees, Vil. of Spring Val. v Town of Ramapo, 264 AD2d 519, 520-521; Matter of Village of Saugerties v Town of Saugerties, 244 AD2d 651, 653).
Furthermore, this annexation proceeding is not the proper forum for resolution of a zoning dispute between the parties regarding the proposed site of a cellular phone tower (see Matter of Board of Trustees, Vil. of Spring Val. v Town of Ramapo, 264 AD2d at 521; see also Matter of County of Monroe [City of Rochester], 72 NY2d 338, 341-343), which is the subject of a related CPLR article 78 proceeding and appeal (see Matter of Town of Beekman v Town Board of the Town of Union Vale, _____ AD3d _____ [decided herewith]).
Accordingly, we deny the motion, grant the cross-motion, confirm the report of the Referees, deny the petition, and dismiss the proceeding for annexation.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court